TIMOTHY T. SCOTT (State Bar No. 126971)
tscott@kslaw.com
GEOFFREY M. EZGAR (State Bar No. 184243)
gezgar@kslaw.com
KING & SPALDING LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065
Telephone:  (650) 590-0700
Facsimile:  (650) 590-1900

STEPHEN B. DEVEREAUX (GA Bar No. 219791) (to be admitted *pro hac vice*)
sdevereaux@kslaw.com
MADISON H. KITCHENS (GA Bar No. 561653) (to be admitted *pro hac vice*)
mkitchens@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Attorneys for Defendants KIMBERLY-CLARK CORPORATION; KIMBERLY-CLARK WORLDWIDE, INC.; KIMBERLY-CLARK GLOBAL SALES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIANNA JOU and JAYNRY YOUNG, individually and on behalf of other similarly situated individuals,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KIMBERLY-CLARK CORPORATION; KIMBERLY-CLARK WORLDWIDE, INC.; KIMBERLY-CLARK GLOBAL SALES, LLC; and DOES 1-5.<br><br>　　　　　Defendants. | Case No. C13-cv-03075 JSC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE**<br><br>Date:  October 31, 2013<br>Time:  9:00 a.m.<br>Judge:  Magistrate Judge Jacqueline Scott Corley<br>Complaint Filed:  July 3, 2013 |

Defendants Kimberly-Clark Corporation, Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively, "Defendants") respectfully request judicial notice of Exhibits A and B, attached hereto, consisting of true and correct copies of page proofs of product packaging labels for Huggies® Pure & Natural Diapers and Huggies® Natural Care Baby Wipes ("the Products").  The Court may properly consider these product packaging images in ruling on Defendants' motion to dismiss and/or strike the Complaint because these labels form the foundation of Plaintiffs' claims and Plaintiffs reference and rely on these labels throughout their Complaint.

A court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting a motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  This Court may take judicial notice of the product packaging labels attached as Exhibits A and B for two primary reasons:

*First*, the packaging of the Products is "incorporated by reference into [the] complaint" because "the plaintiff refers extensively" to the labels in the Complaint and the labels "form[] the basis of the plaintiff's claim."  *Id*.  On a motion to dismiss, a court may take judicial notice of a document on which the complaint "necessarily relies" if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  The labels attached in Exhibits A and B clearly form the basis of Plaintiffs' claims, as California courts have commented that "'the primary evidence in a false advertising case is the advertising itself.'"  *Hairston v. South Beach Bev. Co.*, No. CV 12-1429-JFW, 2012 U.S. Dist. LEXIS 74279, at *11 (C.D. Cal. May 18, 2012) (quoting *Brockey v. Moore*, 107 Cal. App. 4th 86, 100 (2003)).  Additionally, Plaintiffs refer extensively to the

packaging of the Products and the representations contained therein.  *See, e.g.*, Compl. ¶ 22 ("The packaging for the Products misrepresent that the Products will benefit the environment and end user in a variety of ways."); *see also id.* ¶¶ 23, 31, 33, 37, 42, 43-44, 46, 52, 66, 73, 78, 83, 85, 90, 93 (referencing specifically the Products' "packaging").  In such circumstances, "the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Ritchie*, 342 F.3d at 908.  Indeed, courts routinely take judicial notice of product packaging in false advertising suits.  *See, e.g.*, *Samet v. Procter & Gamble Co.*, No. 5:12-CV-01891 PSG, 2013 WL 3124647, at *2 n.21 (N.D. Cal. June 18, 2013); *Dvora v. General Mills, Inc.*, No. CV 11-1074-GW, 2011 WL 1897349, at *2 (C.D. Cal. May 16, 2011); *Bruton v. Gerber Prods. Co.*, No. 12-CV-02412-LHK, 2013 U.S. Dist. LEXIS 129241, at *11-13 n.1 (N.D. Cal. Sept. 6, 2013).

*Second*, and independently, the Court may appropriately take judicial notice of the Products' packaging because Plaintiffs themselves attached images of Huggies® Pure & Natural Diapers and Huggies® Natural Care Baby Wipes packaging to the Complaint.  *See* Compl. ¶¶ 23, 33.  Under the Federal Rules of Civil Procedure, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c); *see also Ritchie*, 342 F.3d at 908 ("Certain written instruments attached to pleadings may be considered part of the pleading.").  As discussed in Defendants' Motion to Dismiss, the images Plaintiffs inserted into the Complaint contain only incomplete (and largely illegible) representations of the Products' packaging.  Exhibits A and B provide a clearer and more comprehensive representation of the package labeling.  *See McKinniss v. Sunny Delight Bevs. Co.*, No. CV 07-02034-RGK, 2007 U.S. Dist. LEXIS 96108, at *10 n.1 (C.D. Cal. Sept. 4, 2007) (taking judicial notice of the "high-resolution color exemplars of the labels submitted by Defendant" because "these exemplars better portray the packaging than the black and white photocopy attached to

Plaintiffs' [First Amended Complaint]").

For all the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A and B.

DATED:  September 17, 2013  KING & SPALDING LLP

By:  /s/ *Timothy T. Scott*_____
TIMOTHY T. SCOTT
GEOFFREY M. EZGAR
STEPHEN B. DEVEREAUX (*pro hac vice* to be filed)
MADISON H. KITCHENS (*pro hac vice* to be filed)

Attorneys for Defendants
KIMBERLY-CLARK CORPORATION;
KIMBERLY-CLARK WORLDWIDE, INC.;
KIMBERLY-CLARK GLOBAL SALES, LLC