**REESE RICHMAN LLP**
Michael R. Reese (State Bar No. 206773)
*mreese@reeserichman.com*
Kim E. Richman (*pro hac vice* pending)
*krichman@reeserichman.com*
875 Avenue of the Americas, 18th Floor
New York, New York  10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Counsel for Plaintiffs*

**KING & SPALDING LLP**
Timothy T. Scott (State Bar No. 126971)
*tscott@kslaw.com*
Geoffrey M. Ezgar (State Bar No. 184243)
*gezgar@kslaw.com*
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065
Telephone: (650) 590-0700
Facsimile: (650) 590-1900

Stephen B. Devereaux (GA Bar No. 219791)
(admitted *pro hac vice*)
*sdevereaux@kslaw.com*
Madison H. Kitchens (GA Bar No. 561653)
(admitted *pro hac vice*)
*mkitchens@kslaw.com*
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **DIANNA JOU** and **JAYNRY YOUNG**, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>**KIMBERLY-CLARK CORPORATION**; **KIMBERLY-CLARK WORLDWIDE, INC.**; **KIMBERLY-CLARK GLOBAL SALES, LLC**; and **DOES 1-5**.<br><br>         Defendants. | Case No. 3:13-cv-03075-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         November 21, 2013<br>Time:        9:00 a.m.<br>Place:       Courtroom F, 15th Floor<br>Judge:      Magistrate Judge Jacqueline<br>                 Scott Corley<br>Complaint Filed:    July 3, 2013 |

1    Plaintiffs Dianna Jou and Jaynry Young (together, "Plaintiffs"), and Defendants

2    Kimberly-Clark Corporation, Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales,

3    LLC (collectively, "Defendants"), jointly submit the following Case Management Statement,

4    pursuant to this Court's Order Setting Initial Case Management Conference and ADR Deadlines

5    (Dkt. 5).

6    **1.      Jurisdiction and Service:**

7        **(a)      Subject Matter Jurisdiction:** Plaintiffs allege this Court has original

8    subject matter jurisdiction over the above-captioned action pursuant to the Class Action Fairness

9    Act, 28 U.S.C. § 1332(d).   Plaintiffs allege there are at least 100 members in the proposed

10   plaintiff class, a member of the plaintiff class is a citizen of a State different from the State of

11   citizenship of a defendant, and the amount in controversy exceeds the sum of $5,000,000.00,

12   exclusive of interest and costs.

13       Defendants challenge Plaintiffs' standing under both Article III and California's consumer

14   protection statutes, and, as a result, this Court's subject matter jurisdiction.   Those arguments are

15   raised in Defendants' Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, Motion to

16   Strike (referred herein as the "Motion to Dismiss") and supporting papers, filed on September 17,

17   2013.  (Dkt. Nos. 8–10.)

18       **(b)      Personal Jurisdiction and Venue:** This Court has personal jurisdiction

19   over the parties in this case because Plaintiffs are California citizens and chose to file suit in this

20   forum and because Defendants have consented to the personal jurisdiction of this Court.   No

21   issues exist with respect to personal jurisdiction or venue.

22       **(c)      Service:** Defendants have waived service of process.  (Dkt. 7.)  No parties

23   remain to be served.

24   **2.      Facts:** Plaintiffs Dianna Jou and Jaynry Young, both of whom are consumers

25   residing in California, filed the Complaint in the above-captioned action on July 3, 2013.  (Dkt. 1-

26   1.)   Plaintiffs allege they purchased Defendants' Huggies® Pure & Natural Diapers and

27   Huggies® Natural Care Baby Wipes (collectively, the "Products"), which Defendants

28   manufacture, market, and distribute to retailers nationwide for sale to consumers.  Plaintiffs allege

1  Defendants represent that the Products are natural, environmentally sound, and safer alternatives

2  to traditional diapers and wipes, including traditional Huggies® brand diapers and wipes.

3  Additionally, Plaintiffs allege Defendants represent Huggies® Pure & Natural Diapers as a pure

4  and organic alternative to traditional diapers.   However, according to Plaintiffs, these

5  representations are untrue.   Plaintiffs allege that these deceptive representations have caused

6  injury to Plaintiffs and the proposed class.  Based on the foregoing allegations, Plaintiffs assert

7  claims for: (1) violation of the Consumers Legal Remedies Act, Civ. Code § 1750 *et seq.* (the

8  "CLRA"); (2) violation of the False Advertising Law, Bus. & Prof. Code § 17500 *et seq.* (the

9  "FAL"); (3) violation of the Environmental Marketing Claims Act, Bus. & Prof. Code § 17580 *et*

10  *seq.*; (4) violation of the Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.* (the

11  "UCL"); and (5) violation of the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18.

12      Factual issues in dispute include whether Defendants misrepresented and/or failed to

13  disclose material facts concerning Huggies® Pure & Natural Diapers and Huggies® Natural Care

14  Baby Wipes; whether Defendants' conduct was unfair and/or deceptive; whether Defendants have

15  been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in the

16  Complaint, such that it would be inequitable for Defendants to retain the benefits conferred upon

17  Defendants by Plaintiffs and the class members; and whether Plaintiffs and the class members

18  have sustained damages with respect to the statutory claims asserted, and if so, whether damages

19  are properly limited to initial product purchases.

20      **3.**   **Legal Issues:** The legal issues involved in this case include: whether all of

21  Plaintiffs' claims are fraud-based; whether Plaintiffs plead fraud with the particularity Federal

22  Rule of Civil Procedure 9(b) requires; whether it is plausible that the Product packaging could

23  lead a reasonable consumer to believe the Products are made entirely of natural material;  whether

24  Plaintiffs have Article III and statutory standing to seek restitution; whether Plaintiffs have

25  standing for injunctive relief; whether a nationwide class can assert claims under the Wisconsin

26  Deceptive Trade Practices Act; and whether Plaintiffs can represent a nationwide class governed

27  by Wisconsin law.

28

-3-

JOINT CASE MANAGEMENT STATEMENT
[C-13-3075 JSC]

**4.**      **Motions:** On September 17, 2013, Defendants filed their Motion to Dismiss. (Dkt. 8.)  Through stipulation by the parties, the Motion schedule was extended so Plaintiffs have until October 22, 2013 to file their Response and Defendants have until November 11, 2013 to file a Reply.  (Dkt. 22.)  The Hearing date for the Motion is set for November 21, 2013.  (*Id.*)

Plaintiffs anticipate filing a motion for class certification at the appropriate time.

As discussed in the Motion to Dismiss, although Plaintiffs have named Kimberly-Clark Corporation and Kimberly-Clark Worldwide, Inc. as co-defendants, Defendants believe those entities are improper parties to this suit.  (Dkt. 8 at 1 n.1.)  If necessary, counsel for Defendants will move to dismiss the wrongly served parties at a later date.

**5.**      **Amendment of Pleadings:** Plaintiffs expect to add parties if discovery reveals the identities of the "Does #1-5" defendants who, along with the identified Defendants, Plaintiffs believe to be responsible for the manufacture, marketing, and/or distribution of the Products.

**6.**      **Evidence Preservation:** Plaintiffs have taken steps to preserve evidence relevant to this action, including collecting documents in their possession and saving electronic documents.  Additionally, on April 5, 2013, Plaintiffs sent to Defendants a letter reminding Defendants of their document and electronically stored information preservation requirements.

Defendants are using their best efforts to preserve any electronically stored information in their possession concerning the labeling of Huggies® Pure & Natural Diapers and Huggies® Natural Care Baby Wipes and the allegations contained in the Complaint.  Defendants believe that production of documents and electronically stored information should not take place before Defendants' pending Motion to Dismiss is resolved.

**7.**      **Disclosures:** On September 19, 2013, the parties held a conference pursuant to Federal Rule of Civil Procedure 26(f).  On October 3, 2013, the parties conferred about additional discovery matters and exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**8.**      **Discovery:** Discovery has not yet commenced, and the Court has not set any discovery deadlines.  Plaintiffs anticipate discovery on all relevant issues identified in the Complaint.  The parties do not propose any limitations or modifications to the discovery rules.

1    Defendants, however, believe that discovery should be stayed pending the Court's resolution of

2    the Motion to Dismiss, which will be heard on November 21, 2013.  Defendants expect to take

3    the depositions of the named plaintiffs in this action and to seek documents referencing their

4    alleged purchases of Huggies® Pure & Natural Diapers and Huggies® Natural Care Baby Wipes.

5    Defendants have not determined what additional discovery will be necessary if this case

6    progresses.

7            At this early stage of the litigation, the parties have not discussed a protocol for the

8    production of certain electronically stored information.  The parties will consider the option of a

9    stipulated e-discovery order at an appropriate time.  The parties also anticipate seeking entry of a

10   stipulated protective order governing the disclosure and use of Defendants' confidential and

11   proprietary business information.

12           **9.     Class Actions:** Plaintiffs propose that they file a motion for class certification

13   pursuant to Federal Rule of Civil Procedure 23 after conducting appropriate discovery.

14           Defendants contend that numerous individualized issues will prevent class certification in

15   the event this action is not dismissed on the pleadings.  In their Motion to Dismiss, Defendants

16   also moved to dismiss and/or strike Plaintiffs' proposed nationwide class on the grounds that the

17   claims of the putative class representatives are governed by California (not Wisconsin) law and

18   each class member's consumer protection claim should be governed by the consumer protection

19   laws of the jurisdiction in which they purchased the Products.

20           **10.    Related Cases:** There are no related cases.

21           **11.    Relief:**  Plaintiffs seek both injunctive and monetary relief.  Plaintiffs seek to

22   enjoin Defendants from using the allegedly misleading marketing and labeling of the Products.

23   Plaintiffs also seek return of the purchase price that they and other consumers paid for the

24   Products.

25           Defendants do not presently claim any damages but reserve the right to seek reasonable

26   attorneys' fees and costs at the appropriate time.

27

28

-5-                                         JOINT CASE MANAGEMENT STATEMENT
                                                              [C-13-3075 JSC]

**12.     Settlement and ADR:** All parties have complied with ADR L.R. 3-5.  (Dkt. Nos. 17, 19, 20.)  On September 25, 2013, the parties stipulated and agreed to participate in mediation under ADR L.R. 6.  (Dkt. 25.)  The stipulation was so ordered on September 26, 2013.  (Dkt. 26.)

**13.     Consent to Magistrate Judge for All Purposes:** All parties have consented to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14.     Other References:** The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues:** After Defendants' Motion to Dismiss has been resolved, the parties will be in a better position to determine, if necessary, whether issues can be narrowed by agreement or motion.

**16.     Expedited Schedule:** The parties do not believe this action should be handled on an expedited basis with streamlined procedures.

**17.     Scheduling:** Defendants believe discovery should be stayed until the Court rules on the Motion to Dismiss that will be heard on November 21, 2013.  Plaintiffs do not oppose staying discovery and defer to the Court's discretion as to whether to do so.  The parties propose the following case management schedule:

| | |
|---|---|
| Factual Discovery Deadline: | December 19, 2014 |
| Initial Expert Disclosures: | January 23, 2015 |
| Rebuttal Expert Disclosures: | March 27, 2015 |
| Expert Discovery Cutoff: | May 29, 2015 |
| Deadline to File Dispositive Motions: | July 24, 2015 |
| Final Pretrial Conference: | November 5, 2015 |
| Trial Date: | December 7, 2015 |

**18.     Trial:** Plaintiffs have demanded a trial by jury.  The parties expect that a trial would last two weeks.

**19.     Disclosure of Non-party Interested Entities or Persons:** Defendants have filed the "Certification of Interested Entities or Persons" that Civil Local Rule 3-16 requires.  (Dkt.

1   11.)   Defendants know of no interested entities other than the named parties in this action.

2   Plaintiffs have not filed the "Certification of Interested Entities or Persons."

3        **20.**   **Other Matters:** The parties do not wish to raise any other matters.

4

5   DATED: October 3, 2013                    **REESE RICHMAN LLP**

6
                                              By: _____ */s/ Michael R. Reese* _____
7                                                       Michael R. Reese

8                                                      *Attorneys for Plaintiffs*

9   DATED: October 3, 2013                    **KING & SPALDING LLP**

10                                            By: _____ */s/ Timothy T. Scott* _____
                                              TIMOTHY T. SCOTT
11                                            GEOFFREY M. EZGAR
                                              STEPHEN B. DEVEREAUX (*pro hac vice*)
12                                            MADISON H. KITCHENS (*pro hac vice*)

13                                            *Attorneys for Defendants*
                                              KIMBERLY-CLARK CORPORATION;
14                                            KIMBERLY-CLARK WORLDWIDE, INC.;
                                              KIMBERLY-CLARK GLOBAL SALES, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-                                           JOINT CASE MANAGEMENT STATEMENT
                                              [C-13-3075 JSC]