1  **REESE RICHMAN LLP**
   Michael R. Reese (State Bar No. 206773)
2  *mreese@reeserichman.com*
   Kim E. Richman
3  (admitted *pro hac vice*)
   *krichman@reeserichman.com*
4  875 Avenue of the Americas, 18th Floor
   New York, New York  10001
5  Telephone: (212) 643-0500
   Facsimile: (212) 253-4272
6
   *Counsel for Plaintiffs*
7
   **KING & SPALDING LLP**
8  Timothy T. Scott (State Bar No. 126971)
   *tscott@kslaw.com*
9  Geoffrey M. Ezgar (State Bar No. 184243)
   *gezgar@kslaw.com*
10 333 Twin Dolphin Drive, Suite 400
   Redwood Shores, CA 94065
11 Telephone: (650) 590-0700
   Facsimile: (650) 590-1900
12
   Stephen B. Devereaux (GA Bar No. 219791)
13 (admitted *pro hac vice*)
   *sdevereaux@kslaw.com*
14 Madison H. Kitchens (GA Bar No. 561653)
   (admitted *pro hac vice*)
15 *mkitchens@kslaw.com*
   1180 Peachtree Street N.E.
16 Atlanta, GA 30309-3521
   Telephone:  (404) 572-4600
17 Facsimile:  (404) 572-5100

18 *Counsel for Defendants*

19                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
20                         **SAN FRANCISCO DIVISION**

21

| | |
|---|---|
| **DIANNA JOU** and **JAYNRY YOUNG**, on behalf of themselves and all others similarly situated, | Case No. 3:13-cv-03075-JSC |
| Plaintiffs, | **UPDATED JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date:     February 12, 2014 |
| **KIMBERLY-CLARK CORPORATION**; **KIMBERLY-CLARK WORLDWIDE, INC.**; **KIMBERLY-CLARK GLOBAL SALES, LLC**; and **DOES 1-5**. | Time:     9:00 a.m. |
| | Place:    Courtroom F, 15th Floor |
| | Judge:    Magistrate Judge Jacqueline Scott Corley |
| Defendants. | Complaint Filed:   July 3, 2013 |

Plaintiffs Dianna Jou and Jaynry Young (together, "Plaintiffs"), and Defendants Kimberly-Clark Corporation, Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively, "Defendants"), jointly submit the following Updated Case Management Statement, pursuant to this Court's Minute Order of December 5, 2013 (Dkt. 41).

**1.     Jurisdiction and Service:**

**(a)     Subject Matter Jurisdiction:** In its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (the "MTD Order"), the Court held that Plaintiffs have adequately alleged Article III standing, except insofar as they seek to pursue injunctive relief. (Dkt. 42 at 7 (granting Plaintiffs leave to amend to add allegations in support of injunctive relief); *id.* at 22 ("An amended complaint, if any, shall be filed no later than 30 days from the date of this Order.").) Plaintiffs declined to amend their Complaint at this juncture.

Defendants reserve the right to renew their Article III arguments should discovery reveal additional grounds to challenge Plaintiffs' standing to seek restitution and, by extension, this Court's subject matter jurisdiction.

**(b)     Personal Jurisdiction and Venue:** This Court has personal jurisdiction over the parties in this case because Plaintiffs are California citizens and chose to file suit in this forum and because Defendants have consented to the personal jurisdiction of this Court. No issues exist with respect to personal jurisdiction or venue.

**(c)     Service:** Defendants have waived service of process. (Dkt. 7.) No parties remain to be served.

**2.     Facts:** Plaintiffs Dianna Jou and Jaynry Young, both of whom are consumers residing in California, filed the Complaint in the above-captioned action on July 3, 2013. (Dkt. 1-1.) Plaintiffs allege they purchased Defendants' Huggies® Pure & Natural Diapers and Huggies® Natural Care Baby Wipes (collectively, the "Products"), which Defendants manufacture, market, and distribute to retailers nationwide for sale to consumers. Plaintiffs allege Defendants represent that the Products are natural, environmentally sound, and safer alternatives to traditional diapers and wipes, including traditional Huggies® brand diapers and wipes. Additionally, Plaintiffs allege Defendants represent Huggies® Pure & Natural Diapers as a pure

and organic alternative to traditional diapers.[1] However, according to Plaintiffs, these representations are untrue. Plaintiffs allege that these deceptive representations have caused injury to Plaintiffs and the proposed class. After the MTD Order, Plaintiffs' remaining claims are for: (1) violation of the Consumers Legal Remedies Act, Civ. Code § 1750 *et seq.* (the "CLRA"); (2) violation of the False Advertising Law, Bus. & Prof. Code § 17500 *et seq.* (the "FAL"); (3) violation of the Environmental Marketing Claims Act, Bus. & Prof. Code § 17580 *et seq.*; and (4) violation of the Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.* (the "UCL").

Factual issues in dispute include whether Defendants misrepresented and/or failed to disclose material facts concerning Huggies® Pure & Natural Diapers and Huggies® Natural Care Baby Wipes; whether Defendants' conduct was unfair and/or deceptive; and whether Plaintiffs and the class members have sustained damages with respect to the statutory claims asserted, and if so, whether damages are properly limited to initial product purchases.

**3.     Legal Issues:** The legal issues involved in this case include: whether the product packaging is likely to lead a reasonable consumer to believe the Products are made entirely of natural materials; whether the putative class is adequately defined and ascertainable; whether the putative class is so numerous that joinder is impracticable; whether there are questions of law or fact common to the class; whether the claims of the named plaintiffs are typical of the claims of the class and/or whether the named plaintiffs are subject to any unique defenses; whether the named plaintiffs can adequately protect the interests of the class; whether common questions of law and fact predominate; and whether a class action is the superior method for adjudicating this dispute.

**4.     Motions:** The Court granted in part and denied in part Defendants' Motion to Dismiss on December 10, 2013. (Dkt. 42.) The Court granted the motion as to (1) Plaintiffs' lack of standing to pursue injunctive relief (*id.* at 7); (2) Plaintiffs' claims to the extent they allege that the diapers are likely to misrepresent to a reasonable consumer that the product is made

---

[1] In the MTD Order, the Court dismissed Plaintiffs' claims to the extent they allege that the Huggies® Pure & Natural Diapers are likely to misrepresent to a reasonable consumer that they are made entirely of organic cotton. (Dkt. 42 at 19.)

entirely of organic cotton (*id*. at 19); and (3) Plaintiffs' claim for alleged violations of the Wisconsin Deceptive Trade Practices Act ("WDTPA"), Wis. Stat. § 100.18 (Dkt. 42 at 22). Because the Court ruled that Plaintiffs failed to allege a claim under the WDTPA, it denied as moot Defendants' argument that the putative nationwide class should be dismissed and/or stricken from the Complaint. (*Id*. at 22 n.4.) The Court denied Defendants' Motion to Dismiss in all other respects.

Plaintiffs anticipate filing a motion for class certification at the appropriate time.

Defendants will oppose any motion for class certification and also plan to file summary judgment motions once sufficient discovery has been obtained.

As discussed in the Motion to Dismiss, although Plaintiffs have named Kimberly-Clark Corporation and Kimberly-Clark Worldwide, Inc. as co-defendants, Defendants believe those entities are improper parties to this suit. (Dkt. 8 at 1 n.1.) If necessary, counsel for Defendants will move to dismiss the wrongly served parties at a later date.

**5.   Amendment of Pleadings:** In the MTD Order, the Court ordered that "[a]n amended complaint, if any, shall be filed no later than 30 days from the date of this Order." (Dkt. 42 at 22.) Plaintiffs elected not to file an amended complaint.

Plaintiffs expect to add parties if discovery reveals the identities of the "Does #1-5" defendants who, along with the identified Defendants, Plaintiffs believe to be responsible for the manufacture, marketing, and/or distribution of the Products. Plaintiffs may also add parties if additional consumers contact them with respect to Defendants' conduct at issue.

**6.   Evidence Preservation:** Plaintiffs have taken steps to preserve evidence relevant to this action, including collecting documents in their possession and saving electronic documents. Additionally, on April 5, 2013, Plaintiffs sent to Defendants a letter reminding Defendants of their document and electronically stored information preservation requirements.

Defendants are using their best efforts to preserve any electronically stored information in their possession concerning the labeling of Huggies® Pure & Natural Diapers and Huggies® Natural Care Baby Wipes and the allegations contained in the Complaint.

7. **Disclosures:** On September 19, 2013, the parties held a conference pursuant to Federal Rule of Civil Procedure 26(f). On October 3, 2013, the parties conferred about additional discovery matters and exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

8. **Discovery:** Discovery has not yet commenced, and the Court has not set any discovery deadlines. However, Defendants filed an Answer on January 24, 2014 (Dkt. 43), and Plaintiffs intend to serve discovery requests on Defendants. Plaintiffs anticipate discovery, including but not limited to depositions, on all relevant issues identified in the Complaint. The parties do not propose any limitations or modifications to the discovery rules. Defendants expect to take the depositions of the named plaintiffs in this action and to seek documents referencing their alleged purchases of Huggies® Pure & Natural Diapers and Huggies® Natural Care Baby Wipes. Defendants have not determined what additional discovery will be necessary if this case progresses.

The parties have not yet discussed a protocol for the production of certain electronically stored information. The parties will consider the option of a stipulated e-discovery order. The parties also anticipate seeking entry of a stipulated protective order governing the disclosure and use of Defendants' confidential and proprietary business information, as well as any confidential information it may be necessary for Plaintiffs to provide.

9. **Class Actions:** Plaintiffs propose that they file a motion for class certification pursuant to Federal Rule of Civil Procedure 23 after conducting appropriate discovery.

Defendants contend that numerous individualized issues will prevent class certification in this action.

10. **Related Cases:** There are no related cases.

11. **Relief:** At this juncture, Plaintiffs seek only monetary relief. Plaintiffs seek return of the purchase price that they and other consumers paid for the Products. Plaintiffs will seek attorneys' fees and costs at the appropriate time.

Defendants do not presently claim any damages but reserve the right to seek reasonable attorneys' fees and costs at the appropriate time.

1      **12.**     **Settlement and ADR:** All parties have complied with ADR L.R. 3-5.  (Dkt. Nos. 17, 19, 20.)  On September 25, 2013, the parties stipulated and agreed to participate in mediation under ADR L.R. 6.  (Dkt. 25.)  The stipulation was so ordered on September 26, 2013.  (Dkt. 26.)

On October 31, 2013, the Court appointed Timothy E. Carr as Mediator.  (Dkt. 33.)  On November 21, 2013, the Court granted the parties' stipulation and request to extend the mediation deadline under ADR L.R. 6-4 until February 24, 2014.  (Dkt. 39.)  The mediation hearing is scheduled for February 11, 2014, at 9:30 a.m. at the U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102.  (Text Only Order, Dec. 9, 2013.)  The parties have exchanged mediation briefs and have provided them to the Mediator in compliance with ADR L.R. 6-7.

**13.**     **Consent to Magistrate Judge for All Purposes:** All parties have consented to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14.**     **Other References:** The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.**     **Narrowing of Issues:** After discovery has been conducted, the parties will be in a better position to determine, if necessary, whether issues can be narrowed by agreement or motion.

**16.**     **Expedited Schedule:** The parties do not believe this action should be handled on an expedited basis with streamlined procedures.

**17.**     **Scheduling:**  The parties propose the following case management schedule:

| | |
|---|---|
| Factual Discovery Deadline: | March 13, 2015 |
| Motion for Class Certification Due: | April 17, 2015 |
| Initial Expert Disclosures Due: | April 17, 2015 |
| Deadline to Depose Plaintiffs' Experts: | June 19, 2015 |
| Opposition to Class Certification Due: | July 24, 2015 |
| Defendants' Expert Disclosures Due: | July 24, 2015 |
| Deadline to Depose Defendants' Experts: | September 25, 2015 |
| Class Certification Reply Brief Due: | October 23, 2015 |

| | | |
|---|---|---|
| 1 | Class Certification Hearing: | November 19, 2015 |
| 2 | Deadline to File Dispositive Motions: | November 20, 2015 |
| 3 | Oppositions to Dispositive Motions Due: | December 18, 2015 |
| 4 | Final Pretrial Conference: | March 18, 2016 |
| 5 | Trial Date: | April 4, 2016 |

**18.**  **Trial:** Both parties have demanded a trial by jury on all claims so triable.  The parties expect that a trial would last two weeks.

**19.**  **Disclosure of Non-party Interested Entities or Persons:** All parties have filed the "Certification of Interested Entities or Persons" that Civil Local Rule 3-16 requires.  (Dkt. Nos. 11, 36.)  Neither party knows of any interested entities other than the named parties in this action.

**20.**  **Other Matters:** The parties do not wish to raise any other matters.

DATED:  February 4, 2014                **REESE RICHMAN LLP**

By:   */s/ Kim E. Richman*
KIM E. RICHMAN (*pro hac vice*)

*Attorneys for Plaintiffs*

DATED:  February 4, 2014                **KING & SPALDING LLP**

By:   */s/ Timothy T. Scott*
TIMOTHY T. SCOTT
GEOFFREY M. EZGAR
STEPHEN B. DEVEREAUX (*pro hac vice*)
MADISON H. KITCHENS (*pro hac vice*)

*Attorneys for Defendants*
KIMBERLY-CLARK CORPORATION;
KIMBERLY-CLARK WORLDWIDE, INC.;
KIMBERLY-CLARK GLOBAL SALES, LLC