**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
        jluster@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Interested Party*
*And Proposed Intervenor Veronica Brenner*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA JOU and JAYNRY YOUNG, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>     v.<br><br>KIMBERLY-CLARK CORPORATION; KIMBERLY-CLARK WORLDWIDE, INC.; KIMBERLY-CLARK GLOBAL SALES, LLC; and DOES 1-5,<br><br>                  Defendants. | Case No. 13-CV-3075-JSC<br><br>Hon. Jacqueline Scott Corley<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  June 18, 2015<br>Time:  9:00 a.m.<br>Courtroom F, 15th Floor |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 18, 2015 at 9:00 a.m., or as soon thereafter as the matter may be heard by the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom F, 15th Floor, in the courtroom of the Honorable Jacqueline Scott Corley, Interested Party Veronica Brenner will and hereby does move the Court for leave to intervene in the above-entitled action pursuant to Federal Rule of Civil Procedure 24(a)(2) and 24(b)(1)(B).

This motion is made on the grounds that pursuant to Federal Rule of Civil Procedure 24(a)(2), Interested Party Veronica Brenner should be granted leave to intervene because (i) her motion is timely, (ii) she has a significantly protectable interest relating to this litigation and disposition will impede her ability to protect that interest, and (iii) her interests are not adequately represented by the parties.  Alternatively, pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), Interested Party Veronica Brenner should be granted leave to intervene because (i) she independently satisfies diversity jurisdiction pursuant to the Class Action Fairness Act, (ii) intervention is timely and will not affect the Court's case management, (iii) she shares common questions of law and fact with Dianna Jou, and (iv) the reasons for intervention outweigh any opposition.

This motion is based on the attached Memorandum Of Points And Authorities, the accompanying Declaration of L. Timothy Fisher and exhibits thereto, the pleadings and papers on file herein, and any other written and oral arguments that may be presented to the Court.

**CIVIL RULE 7-4(a)(3) STATEMENT OF ISSUE TO BE DECIDED**

Whether Interested Party Veronica Brenner should be granted leave to intervene pursuant to Federal Rules of Civil Procedure 24(a)(2) and/or 24(b)(1)(B).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  May 7, 2015                      Respectfully submitted,

                                         **BURSOR & FISHER, P.A.**


                                         By:   */s/ L. Timothy Fisher.*
                                                    L. Timothy Fisher

                                         L. Timothy Fisher (State Bar No. 191626)
                                         Julia A. Luster (State Bar No. 295031)
                                         1990 North California Boulevard, Suite 940
                                         Walnut Creek, CA 94596
                                         Telephone:  (925) 300-4455
                                         Facsimile:  (925) 407-2700
                                         E-Mail: ltfisher@bursor.com
                                                      jluster@bursor.com

                                         **BURSOR & FISHER, P.A.**
                                         Scott A. Bursor (State Bar No. 276006)
                                         888 Seventh Avenue
                                         New York, NY  10019
                                         Telephone: (212) 989-9113
                                         Facsimile:  (212) 989-9163
                                         E-Mail: scott@bursor.com


                                         *Attorneys for Interested Party*
                                         *And Proposed Intervenor Veronica Brenner*

# TABLE OF CONTENTS

**PAGE(S)**

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT ........................................................................................................2

      A.    Plaintiff-Intervenor Is Entitled To Intervene In This Action Pursuant
           To Federal Rule of Civil Procedure 24(a)(2) ...........................................2

           1.   *Plaintiff-Intervenor's Motion For Leave To Intervene Is
                Timely* ...........................................................................................3

           2.   *Plaintiff-Intervenor Has A Significantly Protectable Interest
                Relating To The Transaction At Issue, Adjudication Of This
                Matter Will Impede Her Ability To Protect That Interest* ............................4

           3.   *Plaintiff-Intervenor's Interests Are Not Adequately
                Represented By Plaintiff Jou* ..........................................................5

      B.    In The Alternative, Plaintiff-Intervenor Should Be Permitted To
           Intervene In This Action Pursuant To Federal Rule of Civil
           Procedure 24(b)(1)(B) ............................................................................7

           1.   *Plaintiff-Intervenor Independently Satisfies Diversity
                Jurisdiction Pursuant To CAFA* ......................................................7

           2.   *Intervention Is Timely And Will Not Impact Case
                Management* ...................................................................................7

            3.   *Plaintiff-Intervenor Shares Common Questions Of Law And
                Fact With Plaintiff Jou* ....................................................................8

           4.   *The Reasons For The Intervention Outweigh Any Opposition* ...................10

CONCLUSION ..................................................................................................10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Interested Party Veronica Brenner ("Plaintiff-Intervenor") respectfully submits this memorandum of points and authorities in support of her motion for leave to intervene in this action pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B). Plaintiff-Intervenor seeks leave to intervene so that she can participate in this action as a named plaintiff.

On July 3, 2013, Plaintiff Dianna Jou ("Plaintiff") filed her complaint against Defendants Kimberly-Clark Corporation, Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC ("Defendants"), alleging Defendants made fraudulent and misleading representations regarding Huggies "pure & natural" diapers and Huggies "Natural Care" wipes (Dkt. No. 1).[1]

On April 22, 2015, counsel for Plaintiff filed three stipulations seeking dismissal of her claims against each named defendant (Dkt. Nos. 60, 60, and 62). This dismissal occurred almost a year and a half after the Court largely denied Defendants' motion to dismiss (Dkt. No. 42). Specifically, the Court only dismissed Plaintiff's injunctive relief claim, claims involving the "pure & natural" diapers arising from misrepresentations that they were made entirely of organic cotton, and Plaintiff's claims arising from violation of the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18. The Court permitted the remainder of Plaintiff's claims to move forward. On October 3, 2013, Plaintiff Jou and and Defendants exchanged initial disclosures. On January 24, 2014, Defendants filed an Answer to Plaintiff Jou's complaint (Dkt. No. 43). The parties subsequently exchanged written discovery, and Defendants agreed to produce documents on a rolling basis (Dkt. No. 55 at ¶ 8). After the Court signed a protective order governing discovery of confidential documents, on May 21, 2014, Defendants produced their first tranche of documents (*id.*). On November 6, 2014, Defendants served their second tranche of documents (*id.*).

Intervention is designed for cases exactly like this one. If intervention is not granted, the putative class in the case will receive nothing. When it appeared that the case was being actively

---

[1]   When the complaint was originally filed, both Dianna Jou and Jaynry Young brought claims against Defendants individually and on behalf of a class. Plaintiff Young was subsequently withdrawn as a named plaintiff following her deposition on July 31, 2014 (Dkt. No. 54).

and aggressively litigated, Plaintiff-Intervenor relied on Jou to represent her interests as a putative class member.  However, now that Jou has stipulated for dismissal of all claims with prejudice, it is clear that the best interests of the class are no longer being served.  As demonstrated in the attached Class Action Complaint In Intervention, both actions allege that Defendants make false and misleading representations about their "pure & natural" diapers and their "natural care" wipes.  Specifically, the "pure & natural" diapers do not differ materially from Defendant's other diaper products.  Likewise, Defendants' "Natural Care" wipes contain two substances, sodium methylparaben and methylisothiazolinone that are not natural and, in fact, are hazardous.  Those substances have been banned in the European Union and have restricted usage pursuant to Federal Drug Administration ("FDA") regulation.  Although purchasers pay a premium for Huggies "pure & natural" diapers and Huggies "Natural Care" wipes, they are receiving essentially the same thing as consumers who purchase Huggies' diapers and wipes that do not purport to be "natural."

Thus, Plaintiff-Intervenor has a direct interest in this litigation such that the interests of Plaintiff-Intervenor and the putative class are no longer being served by the original Plaintiff in this action.  Because significant discovery has been completed in this case, it is more efficient and a better use of limited judicial resources to allow intervention in the current litigation.  Rather than start from scratch, Plaintiff-Intervenor proposes to pick up where Jou left off and continue on the Court's previously set schedule towards trial on April 4, 2016.  Accordingly, Plaintiff-Intervenor respectfully requests that this Court grant her motion for leave to intervene so she can aggressively litigate the case and serve the best interests of the absent class.

## II.  ARGUMENT

### A.  Plaintiff-Intervenor Is Entitled To Intervene In This Action Pursuant To Federal Rule of Civil Procedure 24(a)(2)

"A party seeking to intervene as of right must meet four requirements:  (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing

parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).  Rule 24 "is construed broadly in favor of applicants for intervention."  *United States v. State of Oregon*, 913 F.2d 576, 587 (9th Cir. 1990).  Because Plaintiff-Intervenor meets each of the requirements for intervention as of right, the Court must permit him to intervene in this action.  *See, e.g.*, *395 Lampe, LLC v. Kawish, LLC*, 2014 WL 3734278, at *7 (W.D. Wash. July 28, 2014) ("A court must permit intervention when a non-party satisfies the requirements for intervention as of right.") (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

> 1. *Plaintiff-Intervenor's Motion For Leave To Intervene Is Timely*

In assessing timeliness, "courts must consider the current stage of the proceedings, whether the existing parties would be prejudiced, and the reason for any delay in moving to intervene." *Safeco Ins. Co. of America v. Sears*, 2011 WL 1363712, at *2 (E.D. Cal. Apr. 11, 2011). Generally, cases that have discussed timeliness issues have involved motions to intervene after litigation was far more advanced than this one.  *See, e.g.*, *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977) (finding that a motion to intervene filed after dismissal but within appeal period is timely); *In re Community Bank of Northern Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) (finding that a motion to intervene was presumptively timely because it was filed within the opt-out period as part of a settlement).

Here, Plaintiff-Intervenor's motion is timely because, if granted, her participation in the action would not have a significant impact on case management.  *See Hill v. Western Electric Co.*, 672 F.2d 381, 385-92 (4th Cir. 1982) (reversing trial court's denial of permissive intervention for abuse of discretion where ordinary adversarial process was not interrupted).  As noted above, Plaintiff-Intervenor seeks to pick up right where Jou left off.  While some limited additional discovery would still need to be taken, there would be no need to alter the previously-schedule April 4, 2016 trial date in this case.

Further, Plaintiff- Intervenor did not "delay in moving to intervene."  *Safeco Ins. Co. of America*, 2011 WL 1363712, at *2.  Plaintiff-Intervenor refrained from becoming involved in this case when she believed that Plaintiff Jou was actively and aggressively representing the interests of

the absent class.  As soon as she became aware that Plaintiff Jou stipulated to dismiss all her claims, Plaintiff-Intervenor moved to intervene.  Now, if intervention is not granted, the case will be dismissed entirely, leaving Plaintiff-Intervenor and absent class members without recourse in this case.  Almost two years of active litigation will be wasted.

Some adjustments to the schedule will be necessary.  After Plaintiff-Intervenor reviews Defendants' initial disclosures and the documents produced by Defendants on May 21, 2014 and November 6, 2014, she may ask the Court to extend the close of fact discovery, which ended on April 27, 2015 (Dkt. No. 58).  Likewise, the deadlines involving the motion for class certification will need to be extended (Dkt. No. 58).  The alternative is that all efforts on behalf of the absent class will be lost, and the significant discovery completed by the parties will be for nothing.  It is more efficient and a better use of the judiciary's resources to grant intervention in this case.  Because Plaintiff-Intervenor can effectively take over where Plaintiff Jou left off, there would be no prejudice or delay if intervention is granted.

> 2.   *Plaintiff-Intervenor Has A Significantly Protectable Interest Relating To The Transaction At Issue, Adjudication Of This Matter Will Impede Her Ability To Protect That Interest*

"In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation."  *Miller v. Ghirardelli Chocolate Co.*, 2013 WL 6776191, at *8 (N.D. Cal. Dec. 20, 2013) (quoting *In re Cmty. Bank of N. Virginia*, 418 F.3d at 314).  "Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation."  *In re Cmty. Bank of N. Virginia*, 418 F.3d at 314.  As this is a proposed class action, Plaintiff-Intervenor satisfies the second and third prongs of the Rule 24(a)(2) test.

Moreover, this action involves a class of consumers who purchased Huggies "pure & natural" diapers and Huggies "Natural Care" wipes.  Although Plaintiff Jou's claims have not been resolved on a class wide basis, dismissal and re-filing of this case will result in duplication of already completed work in any subsequently filed case, further delaying resolution of the claims on

1    a classwide basis.  Accordingly, denying intervention would also burden the judiciary's already

2    strained resources unnecessarily.

3          Finally, to the extent that the voluntary dismissal in this case implies that Defendants did

4    not include fraudulent and material misrepresentations on the labels for Huggies "pure & natural"

5    diapers and Huggies "Natural Care" wipes, courts have found this potential or similar outcomes are

6    sufficient impediments of interest to justify intervention.  *See Northeast Ohio Coalition for*

7    *Homeless and Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1007-08 (6th Cir. 2006)

8    (permitting intervention where "an adverse ruling could hinder the State's ability to litigate the

9    validity of the Ohio law").  Accordingly, Plaintiff-Intervenor satisfies the second and third prongs

10   of the Rule 24(a)(2) test for this reason as well.

11               *3.    Plaintiff-Intervenor's Interests Are Not Adequately*
                       *Represented By Plaintiff Jou*
12
13         The Ninth Circuit "considers three factors in determining the adequacy of representation:

14   (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed

15   intervenor's arguments; (2) whether the present party is capable and willing to make such

16   arguments; and (3) whether a proposed intervenor would offer any necessary elements to the

17   proceeding that other parties would neglect."  *Arakaki*, 324 F.3d at 1086.  "The most important

18   factor in determining the adequacy of representation is how the interest compares with the interests

19   of existing parties."  *Id.*  "When an applicant for intervention and an existing party have the same

20   ultimate objective, a presumption of adequacy of representation arises."  *Id.*  However, "[t]he

21   burden on proposed intervenors in showing inadequate representation is minimal, and would be

22   satisfied if they could demonstrate that representation of their interests 'may be' inadequate."  *Id.*

23   (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *see also Natural*

24   *Resources Defense Council v. Norton*, 2006 WL 1319408, at *6 n.2 (E.D. Cal. May 13, 2006) ("In

25   most cases, this presumption can be rebutted by a minimal showing of inadequacy, as suggested by

26   *Trbovich*.").

27         As an initial matter, Plaintiff-Intervenor and Plaintiff Jou do not share the same ultimate

28   objective.  Plaintiff-Intervenor wants to continue litigating the case and representing her interests

1   and the interests of the absent class.  Plaintiff Jou does not, and has stipulated to dismiss the case

2   with no regard for the absent class.  However, even if Plaintiff-Intervenor and Plaintiff Jou did

3   share the same ultimate goal (and they do not), Plaintiff-Intervenor can easily meet the "minimal"

4   burden required to show her interests are inadequately represented.

5        First, Plaintiff Jou's interests are not such that she "will undoubtedly make all of the

6   proposed intervenor's arguments."  *Arakaki*, 324 F.3d at 1086.  Plaintiff Jou no longer intends to

7   pursue her claims against Defendants on behalf of herself or the absent class, so *any* arguments

8   asserted by Plaintiff-Intervenor are distinct from Plaintiff Jou's asserted claims.  In other words,

9   because Plaintiff Jou is prepared to abandon her claims, she shares no active claims with

10  Plaintiff-Intervenor.  Furthermore, Plaintiff-Intervenor has alleged violations in her Class Action

11  Complaint In Intervention that Plaintiff Jou did not allege, including violation of the

12  Magnuson-Moss Warranty Act, Breach of Express Warranty, and violation of Florida's Deceptive

13  and Unfair Trade Practices Act.  Class Action Complaint In Intervention ¶¶ 87- 104.  Accordingly,

14  even prior to the stipulation to dismiss all her claims, Plaintiff Jou would not have made "all of the

15  proposed intervenor's arguments."  *Arakaki*, 324 F.3d at 1086.

16       Second, Plaintiff Jou appears either incapable or unwilling to make Plaintiff-Intervenor's

17  arguments.  She has dismissed her claims against Defendants with prejudice, leaving the Plaintiff-

18  Intervenor and the absent class without representation in this action against Defendants.  In

19  contrast, Plaintiff-Intervenor is prepared to aggressively represent the class and protect the interest

20  of absent class members going forward.  Further, Jou is also incapable of making

21  Plaintiff-Intervenor's arguments.  Because Plaintiff Jou did not allege three of

22  Plaintiff-Intervenor's claims in her complaint, she was presumptively incapable of bringing those

23  claims.

24       Third, Plaintiff-Intervenor would offer necessary elements to the litigation.  Without

25  inclusion of Plaintiff-Intervenor, the case will be dismissed and absent class members will be left

26  with no recourse but to start over from square one.  Therefore, it is more efficient to grant

27  intervention and allow Plaintiff-Intervenor to pick up where Jou left off.

28

**B.     In The Alternative, Plaintiff-Intervenor Should Be Permitted To Intervene In This Action Pursuant To Federal Rule of Civil Procedure 24(b)(1)(B)**

"Permissive intervention requires: '(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Mishewal Wappo Tribe of Alexander Valley v. Salazar*, 534 F. App'x 665, 667 (9th Cir. 2013) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)); *see also United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 403 (9th Cir. 2002) (same); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1988) (same).  Again, Rule 24 "is construed broadly in favor of applicants for intervention." *United States v. State of Oregon*, 913 F.2d 576, 587 (9th Cir. 1990).

> 1.     *Plaintiff-Intervenor Independently Satisfies Diversity Jurisdiction Pursuant To CAFA*

Jurisdiction is not at issue here.  The Court has subject matter jurisdiction over Plaintiff-Intervenor's claims on the basis of federal question jurisdiction because her complaint contains a Magnuson-Moss Warranty Act claim.  Class Action Complaint In Intervention ¶¶ 87-96.  Additionally, Plaintiff-Intervenor independently satisfies diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"):

> This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

*Id.* ¶ 11.  As to claims under state law, "[t]his Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367." *Id.* ¶ 10.

> 2.     *Intervention Is Timely And Will Not Impact Case Management*

Plaintiff-Intervenor's motion is timely for the same reasons as stated in Section II.A.1, *supra*.

1

### 3. Plaintiff-Intervenor Shares Common Questions Of Law And Fact With Plaintiff Jou

2

Permissive intervention is proper under Rule 24(b)(1)(B) because Plaintiff-Intervenor

3  asserts "claim[s] or defense that share[] with the main action a common question of law or fact."

4  *See Black & Veatch Corp. v. Modesto Irr. Dist.*, 2011 WL 4842319, at *13 (E.D. Cal. Oct. 12,

5  2011) ("The existence of a 'common question' is liberally construed.") (citing *Stallworth v.*

6  *Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977)); *see also National Union Fire Ins. Co. of*

7  *Pittsburgh, PA v. Electronic Arts, Inc.*, 2011 WL 6329224, at *2-3 (N.D. Cal. Dec. 14, 2011)

8  (granting permissive intervention and finding that the "[a]pplicants share common questions of law

9  or fact" in a motion brought by insurance companies seeking a declaratory judgment that their

10  policies do not cover the underlying dispute); *Bouchard v. Winstar Mortg. Partners, Inc.*, 2010 WL

11  3168414, at *4 (S.D. Cal. Aug. 10, 2010) (granting permissive intervention for an assignee

12  claiming a beneficial interest in the deed of trust underlying a mortgage, finding that "common

13  questions of law and fact based in the validity of the loan documents and the foreclosure that are at

14  the center of Plaintiffs' claims"); *Center for Biological Diversity v. E.P.A.*, 2013 WL 1729573, at

15  *7 (N.D. Cal. Apr. 22, 2013) (granting permissive intervention by pesticide manufacturers seeking

16  to intervene as defendants in an action against the Environmental Protection Agency for failure to

17  undertake required consultations regarding the effects of 382 registered pesticides on endangered

18  and threatened species, finding that "there is a common question of law and fact regarding the

19  pesticide registrations which form the basis of Plaintiffs' ESA claim and the intervenors'

20  arguments in defense to the EPA's liability as owners of these pesticide registrations"); *Doe v.*

21  *Harris*, 2013 WL 140053, at *2 (N.D. Cal. Jan. 10, 2013) (granting permissive intervention by

22  private citizens and proponents of Proposition 35, the Californians Against Sexual Exploitation Act

23  ("CASE Act"), in an action challenging the constitutionality of the CASE Act's reporting

24  requirements).

25  Here, the factual allegations in the Plaintiff-Intervenor's Class Action Complaint In

26  Intervention are largely identical to those brought in Plaintiff Jou's Class Action Complaint. For

27  example, both complaints involve Huggies "pure & natural" diapers and Huggies "Natural Care"

28

wipes.  *Compare* Class Action Complaint In Intervention ¶ 2 *with* Jou Class Action Complaint ¶ 2 (both complaints bringing claims concerning Huggies "pure & natural" Diapers and Huggies "Natural Care" Wipes).

Both complaints also allege the same misrepresentations- that Defendants make false and misleading representations about their "pure & natural" diapers and their "natural care" wipes. Specifically, the "pure & natural" diapers do not differ materially from Defendant's other diaper products.  Likewise, Defendants' "Natural Care" wipes contain two substances, sodium methylparaben and methylisothiazolinone, that are not natural and, in fact, are hazardous. *Compare* Class Action Complaint In Intervention ¶¶ 2-4 ("Defendant Kimberly-Clark manufactures Huggies 'pure & natural' diapers ('Huggies Natural Diapers') and Huggies "Natural Care Wipes ('Huggies Natural Wipes') … and distributes them to retailers nationwide for sale to consumers.  Kimberly-Clark represents the Products to be natural, environmentally sound, and safer alternatives to traditional diapers and wipes, including traditional Huggies brand diapers and wipes.  Additionally, Kimberly-Clark represents Huggies Natural Diapers as a pure and organic alternative to traditional diapers.  Unfortunately for consumers, these representations are not true.") *with* Jou Class Action Complaint ¶¶ 2-4 (same).

Furthermore, both complaints bring similar causes of action.  Specifically, the Jou Complaint brings causes of action for (1) violation of California's Consumers Legal Remedies Act, (2) violation of California's False Advertising Law, (3) violation of California's Environmental Marketing Claims Act, (4) violation of California's Unfair Competition Law, and (5) violation of the Wisconsin Deceptive Trade Practices Act (which this Court dismissed in its 12/10/13 Order Grating In Part And Denying In Part Defendants' Motion To Dismiss).  *See* Jou Class Action Complaint ¶¶ 59-90.  The Class Action Complaint In Intervention brings causes of action for (1) violation of California's Consumers Legal Remedies Act, (2) violation of California's False Advertising Law, (3) violation of California's Environmental Marketing Claims Act, (4) violation of California's Unfair Competition Law, (5) violation of the Magnuson-Moss Warranty Act, (6) Breach of Express Warranty, and (7) violation of Florida's Deceptive and Unfair Trade Practices

1   Act.  *See* Class Action Complaint In Intervention ¶¶ 60-104.  Accordingly, the Class Action

2   Complaint In Intervention brings similar causes of action, each of which involve similar factual

3   allegations.

4         If Plaintiff-Intervenor is granted leave to intervene, the issues in the current litigation would

5   remain unchanged.  Both complaints share the same product, the same misrepresentation, and

6   largely the same causes of action.  They plainly share "common question[s] of law or fact" to

7   satisfy the requirements of Rule 24(b)(1)(B).

8                   *4.*     *The Reasons For The Intervention Outweigh Any Opposition*

9         Permissive intervention can still be refused where "the intervention will unduly delay or

10  prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3); *see also*

11  *Donnelly*, 159 F.3d at 412 ("In exercising its discretion, the district court must consider whether

12  intervention will unduly delay the main action or will unfairly prejudice the existing parties.").

13  Fortunately, these issues are not present here.  Permitting Plaintiff-Intervenor to intervene will not

14  unduly delay the main action, nor will it cause unfair prejudice.  In fact, if Plaintiff-Intervenor's

15  motion is denied, there will be no case at all.  Intervention is clearly appropriate here.

16  **CONCLUSION**

17        For the foregoing reasons, Plaintiff-Intervenor respectfully requests that the Court grant her

18  motion for leave to intervene.

19  Dated:  May 7, 2015             Respectfully submitted,

20                         **BURSOR & FISHER, P.A.**

21                     By:   */s/ L. Timothy Fisher*

22                          L. Timothy Fisher

23                     L. Timothy Fisher (State Bar No. 191626)

24                     Julia A. Luster (State Bar No. 295031)
                       1990 North California Boulevard, Suite 940

25                     Walnut Creek, CA 94596
                       Telephone:  (925) 300-4455

26                     Facsimile:  (925) 407-2700
                       E-Mail:  ltfisher@bursor.com

27                             jluster@bursor.com

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Interested Party
And Proposed Intervenor Veronica Brenner*