**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
           jluster@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Interested Party
And Proposed Intervenor Veronica Brenner*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA JOU and JAYNRY YOUNG, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br> v.<br><br>KIMBERLY-CLARK CORPORATION; KIMBERLY-CLARK WORLDWIDE, INC.; KIMBERLY-CLARK GLOBAL SALES, LLC; and DOES 1-5,<br><br>  Defendants. | Case No. 13-CV-3075-JSC<br><br>Hon. Jacqueline Scott Corley<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**<br><br>Date:  June 18, 2015<br>Time:  9:00 a.m.<br>Courtroom F, 15th Floor |

# TABLE OF CONTENTS

**PAGE(S)**

I.    INTRODUCTION ................................................................................................................1

II.   ARGUMENT .....................................................................................................................3

    A.    The Court Has Jurisdiction To Grant Intervention......................................................3

    B.    Plaintiff-Intervenor Is Entitled to Intervene as of Right Pursuant to FRCP 24(a) .................................................................................................................6

        1.    Plaintiff-Intervenor Timely Moved To Intervene Within 15 Days After Jou Abandoned Class Members.......................................................6

        2.    Plaintiff-Intervenor Has A Significantly Protectable Interest Relating To The Transaction At Issue, Adjudication Of This Matter Will Impede Her Ability To Protect That Interest .............................8

        3.    Plaintiff-Intervenor's Interests Are Not Adequately Represented By Plaintiff Jou ........................................................................9

    C.    In The Alternative, Plaintiff-Intervenor Should Be Permitted To Intervene In This Action Pursuant To Federal Rule of Civil Procedure 24(b)(1)(B) ................................................................................................10

III.  CONCLUSION ................................................................................................................12

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Arakaki v. Cayetano*,
　324 F.3d 1078 (9th Cir. 2003) ................................................................................................. 9

*Brown v. Board of Ed.*,
　84 F.R.D. 383 (D. Kan. 1979) ............................................................................................. 2, 3

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
　309 F.3d 1113 (9th Cir. 2002) ................................................................................................. 7

*Calvert v. Huckins*,
　109 F.3d 636, 638 (9th Cir. 1997) ........................................................................................... 7

*Castoe v. Amerada Hess Corp.*,
　1977 WL 1493 (S.D.N.Y. Nov. 4, 1977) ............................................................................. 1, 5

*Freedom from Religion Found., Inc. v. Geithner*,
　644 F.3d 836 (9th Cir. 2011) ................................................................................................. 10

*In re Quarterdeck Office Systems, Inc. Securities Litigation*,
　1994 WL 374452 (C.D. Cal. March 24, 1994) ....................................................................... 4

*McDonald v. General Mills, Inc.*,
　387 F. Supp. 24 (E.D. Cal. 1974) ........................................................................................ 1, 5

*Miller v. Ghirardelli Chocolate Co.*,
　2013 WL 6776191 (N.D. Cal. Dec. 20, 2013) ........................................................................ 8

*Mishewal Wappo Tribe of Alexander Valley v. Salazar*,
　534 F. App'x 665 (9th Cir. 2013) .......................................................................................... 10

*Safeco Ins. Co. of America v. Sears*,
　2011 WL 1363712 (E.D. Cal. Apr. 11, 2011) ..................................................................... 7, 8

*Sosna v. Iowa*,
　419 U.S. 393 (1975) ................................................................................................................ 4

*State of Alaska v. Suburban Propane Gas Corp.*,
　123 F.3d 1317 (9th Cir. 1997) ................................................................................................. 4

*Truncale v. Universal Pictures Co.*,
　76 F. Supp. 465 (S.D.N.Y. 1948) .................................................................................... 2, 5, 9

*United Airlines, Inc. v. McDonald*,
　432 U.S. 385 (1977) ........................................................................................................ 1, 3, 6

*United States v. State of Oregon*,
　913 F.2d 576 (9th Cir. 1990) ................................................................................................. 10

*Wildlife Soc. v. U.S. Forest Svc.*,
   630 F.3d 1173 (9th Cir. 2011) .......................................................................................... 2, 6

**RULES**

Fed. R. Civ. P. 1 ....................................................................................................................... 2, 6

Fed. R. Civ. P. 23 ..................................................................................................................... passim

Fed. R. Civ. P. 24 ..................................................................................................................... passim

**TREATISES**

3B *Moore's Federal Practice* P 23.90(2) (1978) ........................................................................... 3

## I. INTRODUCTION

Despite asserting class claims in this case, Plaintiffs Jou and Young failed to adequately represent the interests of Plaintiff-Intervenor and the putative class. After defeating Defendants' motion to dismiss and obtaining documents in discovery, Jou and Young did not even take a single deposition, and sold out the class for personal gain by voluntarily dismissing the action without obtaining a penny in class relief. Ms. Brenner filed her motion to intervene as soon as it became apparent that her interests were not being adequately represented – within fifteen days of Jou's stipulation of dismissal. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977) (holding that intervention was appropriate because "as soon as it became clear to the [intervenor] that the interests of the unnamed class members would no longer be protected by the named class representative, she promptly moved to intervene to protect those interests"). Jou and Young's failure to adequately represent the interests of the putative class makes this a model case for intervention. As the advisory committee's notes to Fed. R. Civ. P. 24 note:

> The general purpose of original Rule 24(a)(2) was to entitle an absentee, purportedly represented by a party, to intervene in the action if he could establish with fair probability that the representation was inadequate. Thus, … a member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court.

Advisory Committee's Notes to Fed. R. Civ. P. 24 (1966). Rule 24 was written with cases like this one in mind.

Defendants' opposition relies almost entirely on one argument: that intervention is improper and untimely because no "case or controversy" exists in light of Young and Jou's dismissal. But that argument is inapplicable to class actions. "During the interim between the filing of a class action and the motions of other parties to intervene as members of the class, the action is assumed to be a class action for purposes of dismissal or compromise, unless and until a contrary determination is made." *Castoe v. Amerada Hess Corp.*, 1977 WL 1493, at *1 (S.D.N.Y. Nov. 4, 1977). Thus, even where a named plaintiff voluntarily dismisses her claim before ever moving for class certification, there is still a "case or controversy" as to absent class members that

timely move to intervene. *Id.*; *see also Brown v. Board of Ed.*, 84 F.R.D. 383, 393 (D. Kan. 1979) ("Where for some reason the original named party may no longer represent the class, *e.g.* his claim has become moot or he no longer represents the interests of the class, ***intervention is often permitted in order to allow the action to continue***.") (emphasis added).

Here, as Defendants admit, there has been no "contrary determination" that this case cannot be brought as a class action, and, accordingly, Plaintiff-Intervenor has standing to step into the shoes of a named plaintiff clearly unwilling to litigate the case on behalf of the Class. Holding otherwise would cut against the "history and purpose of the Federal Rules" as it would "encourage[e]…delay and duplication." *Truncale v. Universal Pictures Co.*, 76 F. Supp. 465, 471 (S.D.N.Y. 1948). Plaintiff-Intervenor proposes a strategy "obviously designed to save time and money," as requiring Plaintiff-Intervenor to start from scratch will effectively waste the nearly two years of litigation in this case, deprive the Class of a favorable ruling on Defendants' motion to dismiss, and deprive the Class of the large amounts of discovery already completed here. *See id.* That is a primary objective of Rule 24, and courts must construe the rule liberally to attain this objective. *See Wildlife Soc. v. U.S. Forest Svc.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (instructing courts to "construe the Rule broadly in favor of proposed intervenors … because a liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts"); Fed. R. Civ. P. 1 (the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Further, denying Plaintiff-Intervenor's motion will require that another court, or even this Court again, decide issues related to almost identical pleadings and discovery already obtained in this case. Fed. R. Civ. P. 23 was enacted to discourage the filing of multiple individual actions across the country concerning similar claims, so that efficiency could be gained through the litigation of such class claims in one fell swoop. Plaintiff-Intervenor respectfully moves to intervene to protect the interests of the Class, to avoid unnecessary delay and costs, and to promote the efficient use of judicial resources.

## II. ARGUMENT

### A.  The Court Has Jurisdiction To Grant Intervention

Defendants' primary opposition to the motion for leave to intervene is that there is no case or controversy in which to intervene because a stipulation of dismissal was filed just before Ms. Brenner sought to intervene. Opp. at 3-5. But that is incorrect. Unlike non-class action cases, intervention is permissible in class actions even after the named plaintiffs' claims are no longer viable to allow the action to continue on behalf of the class. *See, e.g., Brown*, 84 F.R.D. at 392. For instance, in *Brown*, certain parents and school children moved to intervene in the historic school desegregation class action. *Id.* The defendants argued that intervention was not proper because the claims of all of the original plaintiffs were moot. *Id.* at 392. The district court rejected the defendants' argument, holding that "[t]he law is clear that where a class action exists, members of the class may intervene to keep an action alive after the claims of the named plaintiff are rendered moot." *Id.* at 393. Citing *Moore's Federal Practice*, the court declared:

> Where for some reason the original named party may no longer represent the class, *e.g.* his claim has become moot or he no longer represents the interests of the class, ***intervention is often permitted in order to allow the action to continue***.

*Id.* (citing 3B *Moore's Federal Practice* P 23.90(2), p. 23-548 (1978) (emphasis added).

Allowing intervention in class action cases after dismissal of the named plaintiffs' claims is supported by Supreme Court precedent. In *United Airlines*, the United States Supreme Court considered whether a class member could intervene after a judgment of dismissal has been entered. 432 U.S. at 389. In that case, the district court denied the named plaintiff's motion for class certification and a judgment of dismissal was entered. 18 days after entry of the judgment of dismissal, a class member filed a motion for leave to intervene. *Id.* at 390. The district court denied the motion for leave to intervene. *Id.* The Supreme Court held that the district court erred in denying the motion for leave to intervene. In particular, the Court found that intervention was appropriate because "as soon as it became clear to the [intervenor] that the interests of the unnamed class members would no longer be protected by the named class representative, she promptly

moved to intervene to protect those interests." *Id.* at 394.  The Court expressly rejected the notion that class members must seek to intervene during the pendency of an action because such action would result in "the very multiplicity of activity which Rule 23 was designed to avoid." *Id.* at 394 n.15.  Defendants contend that *United Airlines* only applies to circumstances where the intervenor only seeks to "appeal from denial of class certification," but nothing in *United Airlines* supports such a conclusion.  Moreover, in the case they cite for that proposition – *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317 (9th Cir. 1997) – the Ninth Circuit held that the district court erred in denying the motion for leave to intervene filed after entry of a judgment of dismissal.  *Id.* at 1320.

The Supreme Court's decision in *Sosna v. Iowa*, 419 U.S. 393 (1975) is also instructive.  In that case, the plaintiff filed a class action seeking to challenge Iowa's durational residency requirements for divorce.  At the time, Iowa did not permit a person to seek a divorce if he/she had not been a resident of the state for at least one year.  By the time the plaintiff's case proceeded through the court system, however, she had satisfied the durational residency requirement and her individual claim no longer existed.  The Supreme Court held that "[a]lthough the controversy is no longer alive as to appellant Sosna, it remains ***very much alive to the class of persons she has been certified to represent***."  *Id.* at 401.  The Court further acknowledged that a case could proceed "between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot."  *Id.* at 402.

Similarly, in *In re Quarterdeck Office Systems, Inc. Securities Litigation*, 1994 WL 374452 (C.D. Cal. March 24, 1994), the court denied the plaintiffs' motion for class certification and dismissed the action.  *Id.* at *1.  Eight class members subsequently moved to intervene and sought to serve as class representatives.  *Id.* at *1-*2.  The court granted their motion to intervene under Fed. R. Civ. P. 24(b)(2) and held that they may seek to represent the proposed class.  *Id.* at *5.  Defendants' argument that "[t]he fact that Ms. Jou originally styled her case as a class action" is irrelevant because "[n]o motion for class certification was ever filed and no class was ever certified" is incorrect.  Opp. at 4.  Defendants' argument implies that the class action status of a

particular case only gains "relevance" once the issue of class certification is decided by a court. But the reverse is true. "During the interim between the *filing* of a class action and the motions of other parties to intervene as members of the class, the action is *assumed* to be a class action for purposes of dismissal or compromise, unless and until a contrary determination is made." *Castoe*, 1977 WL 1493, at *1 (emphasis added). Thus, in *Castoe*, the court granted a motion to intervene after all of the original plaintiffs had filed motions for voluntary dismissal, and before any motion for class certification was filed, because a "'case or controversy' may persist between the unnamed class members and the defendant, notwithstanding the resignation of the original named plaintiffs." *Id*. Further, "[t]he federal rules provide…that '[a]s soon as practicable after the commencement of an action, the court shall determine by order whether it is to be so maintained.'" *Id*. (citing Fed. R. Civ. P. 23(c)(1)). Even where a plaintiff delays moving for class certification, "Rule 23(c)…impose[s] an independent obligation on the Court to decide the issue of class certification 'as soon as practicable.'" *Id*. (citing *McDonald v. General Mills, Inc*., 387 F. Supp. 24, 39 (E.D. Cal. 1974)). As in *Castoe*, the parties here delayed moving for class certification pursuant to stipulation, but the parties' delay does not excuse the Court's independent duty "to decide the issue of class certification as soon as practicable." *Id*. (quotation omitted). Plaintiff-Intervenor seeks an order from the Court to do just that – to move for class certification "as soon as practicable" and not, as Defendants proffer, delay any class certification motion by many months, if not years, if Plaintiff-Intervenor is forced to restart the process by filing a new case.

Further, Defendants' argument that the proper course of action here is to deny Plaintiff-Intervenor's motion and for her to restart the entire litigation by filing a new suit contravenes "[t]he history and purpose of the Federal Rules." *Truncale*, 76 F. Supp. at 471. *Truncale* was a stockholder derivative action. There, the defendants opposed a motion to intervene filed by a stockholder because the original plaintiff's claims had all been dismissed on summary judgment and, according to the defendants, "there [was] in fact no action pending in which intervention may be granted." *Id*. The court disagreed and stated,

> The history and purpose of the Federal Rules are antagonistic to any such technical limitations upon a course of action **obviously**

REPLY IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE                    5
CASE NO. 13-CV-3075-JSC

**designed to save time and money**…I see no reason for encouraging the delay and duplication a denial of the application would entail.

*Id*. (emphasis added).  Plaintiff-Intervenor's motion to intervene is likewise "obviously designed to save time and money," and, accordingly, it would be an obvious waste of the litigants' and the judicial system's resources to discard the progress accomplished in this case to date by requiring Plaintiff-Intervenor to begin anew.  That is contrary to the objectives of Rule 24.  *See Wildlife Soc.*, 630 F.3d at 1179 (instructing courts to "construe the Rule broadly in favor of proposed intervenors … because a liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts"); *see also* Fed. R. Civ. P. 1 (the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

The foregoing cases demonstrate that class actions are different from ordinary lawsuits in that they implicate the rights not only of the named parties but also those of absent class members.  Based on that, courts have allowed class members to intervene under Rule 24 when class plaintiffs dismiss their claims or otherwise are unable to pursue claims on behalf of the class.[1]  Accordingly, this Court has jurisdiction to decide the motion for leave to intervene.

**B.  Plaintiff-Intervenor Is Entitled to Intervene as of Right Pursuant to FRCP 24(a)**

*1.  Plaintiff-Intervenor Timely Moved To Intervene Within 15 Days After Jou Abandoned Class Members*

Plaintiff-Intervenor filed her motion to intervene within fifteen days of Jou's stipulation of dismissal.  That is sufficiently timely under Rule 24.  *See United Airlines,* 432 U.S. at 390-91 (granting motion to intervene filed 18 days after dismissal of case as timely).

In assessing timeliness, "courts must consider the current stage of the proceedings, whether the existing parties would be prejudiced, and the reason for any delay in moving to intervene."

---

[1] The cases cited by Defendants where courts have denied motions for leave to intervene following dismissal are inapposite as none of those cases were class actions where class members' claims were left unresolved by the dismissal of the plaintiff's claim.  *See Homesite Ins. Co. of the Midwest v. Roberts*, 2014 WL 359823 (E.D. Tenn. February 3, 2014) (action for declaratory judgment concerning the interpretation of a homeowners liability policy); *Mutual Produce, Inc. v. Penn. Cent. Transp. Co.,* 119 F.R.D. 619 (D. Mass. 1988) (600 separate freight claim disputes); *Marex Titanic, Inc. v. The Wrecked and Abandoned Vessel*, 2 F.3d 544 (4th Cir. 1993) (dispute over salvage rights of the Titanic).

*Safeco Ins. Co. of America v. Sears*, 2011 WL 1363712, at *2 (E.D. Cal. Apr. 11, 2011). Here, Defendants argue that the motion is untimely in part because "the case is no longer active and no case or controversy exists." For the reasons set out in Section II(A), that argument has no merit because this Court has jurisdiction to consider Plaintiff-Intervenor's motion. Thus, the motion is not untimely due to jurisdictional limitations.

Defendants further argue that the intervention motion is untimely because "[p]ost-judgment intervention is generally disfavored because it creates delay and *prejudice* to existing parties." Opp. at 6 (emphasis in original) (quotations omitted). But none of the cases cited by Defendants involved class actions. *See id.* (citing *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997) (landowner suit brought to establish public easement) and *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (State action for recovery under the Comprehensive Environmental Response, Compensation, and Liability Act)). Further, this case does not involve a "post-judgment intervention," such as in *Calvert*, where presumably prejudice would have resulted because the intervenor was attempting to re-litigate the *merits* of the case even though the district court had already dismissed all claims on summary judgment. *See Calvert*, 109 F.3d at 638. Here, Plaintiff-Intervenor would not be re-litigating a single issue already decided by this Court or briefed by the parties, but would instead pick up exactly where Plaintiff Jou left off. Defendants would not be prejudiced by "defend[ing] the merits of the claims" as the merits of the claims have not yet been litigated. Defendants' arguments concerning any potential prejudice from continuing to litigate this case are not genuine, as Defendants would bear far more expense if Plaintiff-Intervenor were forced to bring a new action, potentially re-litigate a motion to dismiss, and again seek discovery already produced in this action.

Finally, Defendants argue that there is "no excuse" for Plaintiff-Intervenor's delay because she "states no basis for [her] belief" that Plaintiff "was actively and aggressively representing the interests of the absent class." Opp. at 7 (citing Motion at 3-4). Plaintiff Jou's Complaint, however, pled that she "will fairly and adequately protect the interests of the Class…and [has] retained counsel that is experienced in litigating complex class actions." Compl. ¶ 54. As a member of the

Class, Plaintiff-Intervenor was entirely reasonable in assuming that Plaintiff Jou would, in fact, "fairly and adequately protect" her interests, and not simply settle the case on an individual basis. For a time, Plaintiff Jou did "actively and aggressively" prosecute the case on behalf of the Class, as Plaintiff Jou defeated a motion to dismiss and was successful in obtaining significant discovery. Once it became apparent that Plaintiff Jou would no longer be prosecuting the case on behalf of the Class (when Jou dismissed the case), Plaintiff-Intervenor immediately moved to intervene. Thus, Plaintiff-Intervenor did not "delay in moving to intervene." *Safeco Ins. Co. of America*, 2011 WL 1363712, at *2.

2. *Plaintiff-Intervenor Has A Significantly Protectable Interest Relating To The Transaction At Issue, Adjudication Of This Matter Will Impede Her Ability To Protect That Interest*

Defendants' Opposition does not address Plaintiff-Intervenor's cited cases holding that, "[i]n the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation." *Miller v. Ghirardelli Chocolate Co.*, 2013 WL 6776191, at *8 (N.D. Cal. Dec. 20, 2013); Motion at 4. Defendants' argument is essentially that Plaintiff-Intervenor has no "protectable interest" because no case or controversy exists. Opp. at 8. That argument is incorrect for the reasons set forth in Section II(A), above.

Defendants also argue that Plaintiff-Intervenor has no protectable interest because it discontinued the Huggies "pure & natural" diaper product line and discontinued the use of methylisothiazolinone in its baby wipes. Opp. at 8. As Defendants concede, however, "[a]ll that is left for adjudication is the potential economic harm that arose from a given plaintiff's purchase of these Kimberly-Clark products." *Id*. But Defendants do not contend that economic injury is not a protectable interest, nor can they. Further, Plaintiff-Intervenor points out that "Defendants' 'Natural Care' wipes contain *two* substances, sodium methylparaben and methylisothiazolinone, that are not natural." Mot. at 9. Defendants state that it only removed *one* of these substances. Opp. at 8. Thus, Defendants' conclusory statement that its decision to remove the *one* allegedly unnatural substance "destroyed" "[a]ny commonality between Ms. Joe and the proposed interevenor's claims" is contrary to the facts.

Finally, there can be little doubt that Plaintiff-Intervenor's interests will be impeded by the dismissal of the *Jou* action. As addressed above and in the Motion, Plaintiff Jou filed her complaint against Defendants on July 3, 2013, and, in the time between filing and moving to intervene, Plaintiff-Intervenor reasonably waited and delayed independently acting on her claims because she believed that her interests were protected by Plaintiff Jou. As explained by the court in *Truncale*, Plaintiff-Intervenor's intervention strategy is "obviously designed to save time and money" and that having to file a separate action would only "encourage[e]… delay and duplication." *Truncale,* 76 F. Supp. at 471. The policy and purpose of Rule 23 would be seriously undermined if defendants are allowed, after years of litigation, to simply pay off the named plaintiffs in a proposed class action and force absent class members to restart the process at square one.

### 3. Plaintiff-Intervenor's Interests Are Not Adequately Represented By Plaintiff Jou

The Ninth Circuit "considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Each of these inquiries is forward looking, in the sense that a court's inquiry examines whether a present party "*will*…make all of a proposed intervenor's arguments," and whether a present party is "*willing* to make such arguments." *Id.* (emphasis added). Here, Defendants effectively concede that Plaintiff-Intervenor's interests will not be protected by the dismissal of this action by arguing only that Plaintiff-Intervenor's "Interests *Were* Adequately Represented." Opp. at 9 (emphasis added). This argument misses the mark entirely. The inquiry is not whether Plaintiff-Intervenor's interests *were* adequately represented, but rather whether they *will* be protected if Plaintiff-Intervenor's motion to intervene is denied. Defendants do not contest Plaintiff-Intervenor's argument that "Plaintiff-Intervenor and Plaintiff Jou do not share the same ultimate objective," as Plaintiff Jou has dismissed her claims instead of seeking to represent the

interests of the Class. Mot. at 5-6. In fact, Defendants do not challenge a single one of Plaintiff-Intervenor's arguments on this factor, including that Plaintiff Jou will not "undoubtedly make all of the proposed intervenor's arguments," and that Plaintiff-Intervenor "would offer necessary elements to the litigation." *Id*.

For the reasons set forth above, Plaintiff-Intervenor has satisfied her burden as to each factor set out in Rule 24(a). Accordingly, Plaintiff-Intervenor is entitled to intervene as a matter of right.

### C. In The Alternative, Plaintiff-Intervenor Should Be Permitted To Intervene In This Action Pursuant To Federal Rule of Civil Procedure 24(b)(1)(B)

"Permissive intervention requires: '(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Mishewal Wappo Tribe of Alexander Valley v. Salazar*, 534 F. App'x 665, 667 (9th Cir. 2013) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)). Again, Rule 24 "is construed broadly in favor of applicants for intervention." *United States v. State of Oregon*, 913 F.2d 576, 587 (9th Cir. 1990).

First, Defendants state in conclusory fashion that Plaintiff-Intervenor's motion is untimely for the reasons set forth in its prior arguments. *See* Opp. at 11. For the reason's set forth above, Plaintiff-Intervenor's motion is timely.

Next, Defendants argue that Plaintiff-Intervenor lacks an independent ground for jurisdiction because no case or controversy exists after Plaintiff Jou dismissed her claims. *See id*. For the reasons set forth above, the Court retains jurisdiction in this case even after Plaintiff Jou's dismissal because this case was brought as a class action and because Plaintiff-Intervenor's interests will be harmed by the dismissal of this action. In addition, the Court has subject matter jurisdiction over Plaintiff-Intervenor's claims on the basis of federal question jurisdiction because her complaint contains a Magnuson-Moss Warranty Act claim. Class Action Complaint In Intervention ¶¶ 87-96. Additionally, Plaintiff-Intervenor independently satisfies diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). *See* Mot. at 7.

Defendants also argue that there are no longer any common questions of law or fact such that permissive intervention is inappropriate. Opp. at 11. Defendants' argument belies the facts. Defendants do not dispute Plaintiff-Intervenor's argument that "the factual allegations in the Plaintiff-Intervenor's Class Action Complaint In Intervention are largely identical to those brought in Plaintiff Jou's Class Action Complaint." Mot. at 8. Defendants also do not dispute that both complaints allege:

> the same misrepresentations- that Defendants make false and misleading representations about their "pure & natural" diapers and their "natural care" wipes. Specifically, the "pure & natural" diapers do not differ materially from Defendant's other diaper products. Likewise, Defendants' "Natural Care" wipes contain two substances, sodium methylparaben and methylisothiazolinone, that are not natural and, in fact, are hazardous.

*Id*. at 9. Instead, Defendants argue that "most" of Plaintiff-Intervenor's claims have been "mooted by Kimberly-Clark's voluntary actions." Opp. at 11. Defendants' argument, however, is puzzling as they admit that what is "left for adjudication is the potential economic harm that arose from a given plaintiff's purchase of these Kimberly-Clark products." *Id*. at 8. Defendants do not contend that these economic harms somehow make questions of law or fact "uncommon." Further, as discussed above, Defendants do not contest that they removed sodium methylparaben from the "Natural Care" wipes. Whether or not sodium methylparaben causes Defendants' representations to be false and misleading is a common question of fact and law.

Finally, Defendants argue that permissive intervention would cause significant prejudice to the settling parties. Opp. at 11-12. For the reasons set forth above, Defendants' notion of prejudice is disingenuous, as Defendants would be far more prejudiced if Plaintiff-Intervenor were forced to toss aside the progress made after years of litigation and start this action anew, undoubtedly subjecting Defendants to the expense of several more years of litigation just to arrive at the same litigation posture Defendants find themselves at this juncture. As discussed above, the cases cited by Defendants found potential prejudice where the intervenors sought to re-litigate issues already briefed by the parties and decided by the courts, such as after dismissal on summary judgment. Here, Plaintiff-Intervenor simply seeks to pick up exactly where Plaintiff Jou left off.

## III. CONCLUSION

For all the reasons expressed herein, Plaintiff-Intervenor respectfully requests that the Court grant her Motion to Intervene.

Dated:  May 28, 2015                              Respectfully submitted,

**BURSOR & FISHER, P.A.**


By:   */s/ L. Timothy Fisher*
             L. Timothy Fisher

  L. Timothy Fisher (State Bar No. 191626)
  Julia A. Luster (State Bar No. 295031)
  1990 North California Boulevard, Suite 940
  Walnut Creek, CA 94596
  Telephone:  (925) 300-4455
  Facsimile:  (925) 407-2700
  E-Mail: ltfisher@bursor.com
            jluster@bursor.com

  **BURSOR & FISHER, P.A.**
  Scott A. Bursor (State Bar No. 276006)
  888 Seventh Avenue
  New York, NY  10019
  Telephone: (212) 989-9113
  Facsimile:  (212) 989-9163
  E-Mail: scott@bursor.com

  *Attorneys for Interested Party*
  *And Proposed Intervenor Veronica Brenner*