# BURSOR & FISHER
### P.A.

**1990 NORTH CALIFORNIA BLVD.**
**SUITE 940**
**WALNUT CREEK, CA 94596**
**www.bursor.com**

**L. TIMOTHY FISHER**
Tel: **925.300.4455**
Fax: **925.407.2700**
**ltfisher@bursor.com**

June 25, 2015

*Via ECF*

Honorable Jacqueline Scott Corley
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom F- 15th Floor
450 Golden Gate Ave.
San Francisco, CA  94102

*Re:*     *Jou v. Kimberly-Clark Corp.*, No. 13-cv-03075-JSC

Dear Judge Corley:

I represent Interested Party Veronica Brenner ("Plaintiff-Intervenor") in the above-referenced action.  I write pursuant to the Court's June 18, 2015 direction that we may submit additional briefing on (1) whether Fed. R. Civ. P. 60(b) authorizes the Court to reopen the case after dismissal to allow intervention and (2) whether such action would be justified under the facts of this case.  The answer to both of those questions is unequivocally, yes.

## Fed. R. Civ. P. 60(b)(1) Authorizes Reopening This Case To Allow Intervention

Fed. R. Civ. P. 60(b)(1) authorizes the Court to provide relief from a final judgment, order or proceeding on the basis of "mistake, inadvertence, surprise, or excusable neglect."  Because Plaintiff Jou voluntarily dismissed the case without obtaining any class relief and without providing any prior notice to class members, the Court may reopen this case to allow intervention on the basis of "surprise."

*Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308 (N.D. Tex. 2004) is instructive.  There, third parties moved to intervene in the action more than a month after the court had granted default judgment in favor of the plaintiff.  *Id.* at 310.  The court held that it was proper to reopen the case pursuant to Rule 60(b)(1), stating that the "[i]ntervenors' discovery of the pendency of this action and a default judgment against them surely was a surprise.  The Court therefore holds that Intervenors' claim fits within the ambit of Rule 60(b)(1)."  *Id.* at 312.

In this case, Plaintiff-Intervenor lacked any notice of the impending dismissal, and was therefore never given a proper chance to intervene in this action.  Had she moved to intervene sooner, Defendants would have argued that her claims were being adequately represented by Jou.  But now that she waited, Defendants argue that the case is already over.  Had she been given notice of the impending dismissal of the class claims in advance, as Judge Alsup might have required, she would have moved to intervene prior to dismissal.  But instead, the dismissal came as a "surprise" to Ms. Brenner and putative class members and they were not aware of the

necessity for intervention until after the dismissal was effectuated. That is a basis for reopening the case pursuant to Fed. R. Civ. P. 60(b)(1).

### Fed. R. Civ. P. 60(b)(6) Authorizes Reopening This Case To Allow Intervention

Fed. R. Civ. P. 60(b)(6) also authorizes the Court to reopen the case to allow intervention. The *Bituminous Cas. Corp.* court found that it alternatively had authorization to entertain the intervenors' motion under this subsection in addition to subsection (1). *See id.* at 313 ("the court believes that Intervenors would be entitled to relief under Rule 60(b)(6) if Rule 60(b)(1) were inapplicable"). But more persuasive authority also exists on this point as well.

In *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir 1989), the Ninth Circuit reversed the lower court's decision denying a motion to intervene. There, absent class members moved to intervene to attempt to vacate a dismissal of class claims that had occurred three years prior pursuant to Fed. R. Civ. P. 60(b)(6). *Id.* at 1403-1404. After the lower court denied their motion, the Ninth Circuit reversed, stating "Intervenors moved to vacate the dismissal of their claims within a few weeks of becoming aware that the claims had in fact been dismissed. But for the lack of notice they would have intervened in November, 1985, to litigate on behalf of the class." *Id.* at 1411. *Diaz* makes clear that employing Rule 60(b)(6) to grant a motion to intervene is a proper and accepted avenue in this Circuit.

### Plaintiff-Intervenor Will Be Prejudiced In Absence Of Intervention

As noted in Ms. Brenner's motion to intervene, both Plaintiff-Intervenor and Defendants will be prejudiced in the absence of intervention, as will the courts. In addition to the fact that all parties will be required to duplicate work already done in any new action brought by Ms. Brenner, Plaintiff-Intervenor will also be prejudiced in that she will be denied the benefit of the law of the case in which Defendants' motion to dismiss was denied. Defendants seek to move this action to a different court and take another bite at the apple. That is plainly evident from their vigorous opposition to Ms. Brenner's motion, despite the fact that defending a new action from scratch will be more costly for them. But Defendants' desire for reverse forum shopping is not a basis to waste the resources of all parties and the courts.

Very truly yours,

*L. Timothy Fisher*

L. Timothy Fisher

CC:  All counsel of record (via ECF)