# KING & SPALDING

King & Spalding LLP
601 South California Avenue
Palo Alto, CA 94304
Tel: +1 650 422 6700
Fax: +1 650 422 6800
www.kslaw.com

Timothy T. Scott
Direct Dial: +1 650 422 6739
Direct Fax: +1 650 422 6800
tscott@kslaw.com

July 1, 2015

**VIA ECF**

The Honorable Jacqueline Scott Corley
U.S. District Court - Northern District of California
San Franciso Courthouse, Courtroom F
450 Golden Gate Ave.
San Francisco, CA 94102

**Re: Jou v. Kimberly-Clark Corp., No. 3:13-cv-03075-JSC**

Dear Judge Corley:

We write in response to Proposed Intervenor Veronica Brenner's additional letter brief dated June 23, 2015.

### A. Proposed Intervenor's Rule 60(b)(1) "Surprise" Theory Fails To Support Her Motion.

The Court requested briefing on the potential applicability of Rule 60(b)(6). *See* 6/18/15 Hr'g Tr. At 21. Proposed Intervenor has responded by briefing a different question, arguing that Rule 60(b)(1) applies to her and that her "surprise" gives her a basis to re-open a judgment. The Ninth Circuit has already rejected that argument, holding that Rule 60(b) is not available as a basis for a purported member of a non-certified class to seek to re-open a judgment that has been entered. *Hook v. State of Arizona*, 188 F.App'x 577, 578 (9th Cir. 2006). Rule 60(b)(1) provides that "On motion and just terms, the court may relieve *a party or its legal representative* from a final judgment, order, or proceeding . . ." (emphasis added). As *Hook* holds, Rule 60(b) is generally unavailable to a non-party, who may re-open a judgment only in "'exceptional circumstances.'" *Hook*, 188 F. App'x at 578 (quoting *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440-41 (9th Cir. 1987)(denying Rule 60(b) motion)).

Even if this Court were to entertain Proposed Intervenor's novel Rule 60(b)(1) "surprise" theory despite Ninth Circuit authority to the contrary, the argument still fails. Courts have only considered relief under Rule 60(b)(1) when the conduct that served as the basis of a party's motion to re-open the case impaired the interest of the party seeking the relief. *See e.g., Falk v.*

July 1, 2015
Page 2

*Allen*, 739 F.2d 461, 464 (9th Cir. 1984) (pro se defendant relieved from default judgment because of mistake or excusable neglect); *Rodriguez v. Match.com*, 290 F. App'x. 6, 7-8 (9th Cir. 2008)(pro se plaintiff failed to receive notice of motion to dismiss); *Russell v. Cunningham*, 279 F.2d 797, 804 (9th Cir. 1960) (party's interests impaired because of inability to communicate with counsel); *Butner v. Neustadter*, 324 F.2d 783, 787 (9th Cir. 1963) (neglect of local counsel resulted in failure to answer); *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (finding "surprise" where default judgment was entered against defendant who had not received service and was not aware of the suit against it).

The lone case relied upon by Proposed Intervenor is no different; like the foregoing cases, the Rule 60(b)(1) "surprise" was due to an event that impaired the movant's interests. In *Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308 (N.D. Tex. 2004), an accident victim was in litigation with the tortfeasor, who was defended by his insurer. The insurer commenced a separate litigation against the tortfeasor, contending it had no duty to defend and indemnify, and took a default judgment to that effect. The victims sought to intervene and re-open the judgment. Noting that no precedent supported its decision, the Court found that because the victims' were not apprised of the litigation which deprived them of the ability to recover insurance proceeds for their injuries, their "surprise" allowed them to re-open the default judgment. *Bituminous* provides Proposed Intervenors no support; nothing in the Jou settlement prejudiced any interest of the Proposed Intervenor, who remains free to pursue her claims. Because the event giving rise to the "surprise" did not impair Proposed Intervenor's interests, she may not use that surprise as a basis to re-open a judgment.

Moreover, Proposed Intervenor's reliance on *Bituminous* proves too much. If the "surprise" to a non-party of an individual settlement were sufficient to re-open a judgment, any non-party could re-open any dismissed action. Such a result would render meaningless the holdings of *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317 (9th Cir. 1997) and *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), each of which held that an absent class member could only intervene post-judgment for the purpose of appealing the denial of class certification. If Proposed Intervenor's "surprise" theory were correct, the limitations of both *Suburban Propane* and *United Airlines* would be meaningless, as every class action settlement would "surprise" the absent class members and entitle them to intervene. The inability to reconcile Proposed Intervenor's theory with existing case law requires that Proposed Intervenor's "surprise" theory be rejected as a basis for a non-party to re-open a judgment.

**B. Proposed Intervenor has Failed to Establish the Exceptional Circumstances that Would Allow Her to Re-Open a Judgment as a Non-Party under Rule 60(b)(6).**

The "exceptional circumstances" required by the Ninth Circuit in *Citibank* for granting a Rule 60(b) motion in favor of a non-party constitute the standard under Rule 60(b)(6), the provision as to which the Court requested briefing. The availability of Rule 60(b)(6) to allow a court to vacate a judgment "for any other reason that justifies relief" is to be utilized "sparingly" and "only where *extraordinary* circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. State of Wash.*, 98 F.3d 1159, 1163 (9th Cir. 1996) (emphasis added); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008); *Ackermann v. United States*, 340 U.S. 193, 199 (1950). Circumstances deemed "extraordinary"

include relief from a default judgment when petitioner was incarcerated and unable to defend himself (*Klaprott v. United States*, 335 U.S. 601 (1949)), legal error and procedural violations (*In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007)), or attorney's gross negligence (*Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010)).

Rather than address the purportedly extraordinary circumstance that might justify the relief it seeks under Rule 60(b)(6), Proposed Intervenor relies on *Diaz v. Trust Territory of Pacific Islands* for the proposition that intervention is proper once putative class members become aware of the dismissal of their claims. 876 F.2d 1401 (9th Cir. 1989). *Diaz*, however, was decided under former Fed. R. Civ. P. Rule 23(e), under which there was confusion as to the party/non-party status of absent class members prior to certification. It held that the failure to give notice to absent class members of an individual settlement provided a basis to re-open a judgment. The 2003 Amendments to Rule 23 clarified that absent class member are not parties and are not entitled to notice of the settlement of an individual claim. *See* Fed. R. Civ. P. 23, Advisory Committee Note to 2003 Amendment, Subdivision(e), Paragraph (1) ("The new rule requires approval only if the claims, issues, or defenses of a *certified* class are resolved by a setttlement, voluntary dismissal, or compromise")(emphasis added.) As the Supreme Court subsequently held, "a nonnamed class member is [not] a party to the class-action litigation before the class is certified." *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011) (quoting *Devlin v. Scardelletti*, 536 U.S. 1, 16, n. 1(2002) (Scalia, J., dissenting)). The premise upon which it relies having been rejected, *Diaz* and its reasoning have no continuing vitality.

There is, and can be, no showing of exceptional circumstances sufficient to re-open this case. All that Proposed Intervenor points to are the fact that documents were produced and an order was issued on a motion to dismiss. These are two facts common to virtually every case that has ever been litigated; there is nothing exceptional in a document production and a court order. Moreover, Proposed Intervenor will not lose the benefit of these events if her motion is denied; she may propound the same document requests and she may cite to this Court's prior order. The more likely outcome, however, is that once Proposed Intervenor is denied the opportunity to intervene, she will see little benefit in pursuing a new case in which the alleged wrongs have already been remedied by Kimberly Clark's removal of methylisothiazolinone from its wipes and the withdrawal of the Huggies® Pure & Natural diapers from the market.

Proposed Intervenor's motion to intervene should be denied.

Respectfully submitted,

Timothy T. Scott

cc: All counsel of record (via ECF)