UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA JOU,<br><br>      Plaintiff,<br><br>    v.<br><br>KIMBERLY-CLARK CORPORATION, et al.,<br><br>      Defendants. | Case No. 13-cv-03075-JSC<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 63 |

This putative class action has been terminated since April 22, 2015, when the sole remaining named plaintiff filed a notice of voluntary dismissal. (Dkt. Nos. 60-62.) Now pending before the Court is Veronica Brenner's motion for leave to intervene as plaintiff pursuant to Federal Rule of Civil Procedure 24. (Dkt. No. 63.) Defendants Kimberly-Clark Corporation, Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "Defendants") contend that the Court lacks jurisdiction to permit intervention and, in any event, intervention is not warranted because Brenner fails to meet the requirements of Rule 24. Having considered the parties' submissions, and having had the benefit of oral argument on June 18, 2015, the Court DENIES Brenner's motion to intervene.

**BACKGROUND**

Plaintiffs Dianna Jou and Jaynry Young ("Plaintiffs") filed this putative class action individually and on behalf of similarly situated individuals on July 3, 2013 alleging that Defendants misrepresented their Huggies Natural Diapers as "pure & natural" and their Huggies Natural Wipes as providing "natural care." (Dkt. No. 1-1 ¶¶ 2-5.) Plaintiffs alleged the Court had original subject-matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). (Dkt. No. 1-1 ¶ 7.) The complaint alleged five causes of action: (1) unfair and deceptive acts and

practices in violation of the California Consumers Legal Remedies Act, (2) violations of California's False Advertising Law, (3) violations of California's Environmental Marketing Claims Act, (4) violation of California's Unfair Competition Law, and (5) violation of the Wisconsin Deceptive Trade Practices Act.  (Dkt. No. 1-1 ¶¶ 59-96.)

In December 2013, the Court granted in part and denied in part Defendants' motion to dismiss.  (Dkt. No. 42.)  Specifically, Defendants' motion was granted as to (1) Plaintiffs' lack of standing to pursue injunctive relief, and (2) Plaintiffs' claims to the extent that they alleged that the "pure & natural" diapers are likely to misrepresent to a reasonable consumer that they are made entirely of organic cotton, and (3) Plaintiffs' Wisconsin Deceptive Trade Practices Act claim.  (*Id.* at 22.)  The remaining claims proceeded.

The Court issued pre-trial and amended pre-trial orders in February 2014.  (Dkt. Nos. 47, 48.)  Later that month, the parties engaged in mediation.  (*See* Dkt. No. 49.)  After the exchange of at least some discovery, in July 2014, Young filed a stipulation to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  (Dkt. Nos. 54.)  Jou followed suit nine months later, filing her own Rule 41(a)(1)(A)(ii) stipulation to dismiss with prejudice in April 2015.  (Dkt. Nos. 60-62.)  All claims having been dismissed, the Clerk of Court closed the case on April 22, 2015.

Fifteen days later, on May 7, 2015, Brenner moved to intervene.  (Dkt. No. 63.)  Brenner seeks leave to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), and in the alternative, seeks permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).[1]  (Dkt. No. 63 at 2.)  If permitted to intervene, Brenner would bring many of the causes of action that Plaintiffs alleged: (1) violation of California's Consumers Legal Remedies Act, (2) violation of California's False Advertising Law, (3) violation of California's Environmental

---

[1] Intervention as of right is appropriate when (1) the putative intervenor claims an interest that is the subject of the action; (2) the putative intervenor's rights may, as a practical matter, be impaired or impeded by disposition of the pending action; and (3) the putative intervenor's interest is not adequately represented by existing parties.  *See Alaniz v. Cal. Processors, Inc.*, 73 F.R.D. 269, 288 (N.D. Cal. 1976).  Under Rule 24(b), permissive intervention may be allowed in the court's discretion when the putative intervenor's claim and the primary action involve a common question of law or fact, and allowing intervention "will not unduly delay or prejudice the adjudication of the rights of the original parties."  *Zepeda v. PayPal, Inc.*, No. 10-cv-02500-SBA (JCS), 2014 WL 1653246, at *3 (N.D. Cal. Apr. 23, 2014).

Marketing Claims Act, and (4) violation of California's Unfair Competition Law.[2] (Dkt. No. 1-1 ¶¶ 59-90; Dkt. No. 63 at 13-14.) Brenner would also bring three new claims that were not part of Plaintiffs' pleading: (1) violation of the Magnuson-Moss Warranty Act, (2) Breach of Express Warranty, and (3) violation of Florida's Deceptive and Unfair Trade Practices Act. (Dkt. No. 63-2 ¶¶ 87-115.) Further, unlike Plaintiffs, Brenner seeks to create a new sub-class consisting of Florida residents. (Dkt. No. 63-2 ¶ 50.) Brenner contends that she independently satisfies diversity jurisdiction pursuant to CAFA, federal question jurisdiction under the Magnuson-Moss Act, and supplemental jurisdiction for state law claims pursuant to 28 U.S.C. § 1367. (Dkt. No. 63 at 11.)

The Court heard oral argument on the motion on June 18, 2015. Both parties have since filed supplemental briefing on the question of whether there is any basis under Federal Rule of Civil Procedure 60(b) to reopen this closed case and entertain Brenner's motion. (Dkt. Nos. 72, 73.)

**DISCUSSION**

**I.    Jurisdiction**

A.    Legal Standard

Before considering the merits of a motion to intervene, the Court must determine if it has jurisdiction to consider the motion in the first place. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). A court has "a continuing obligation to assess its own subject-matter jurisdiction," *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004), and the court "may not entertain an action over which it has no jurisdiction." *Hernandez*, 204 F.3d at 865 (citation omitted). The burden to demonstrate proper subject matter jurisdiction lies with the party seeking to invoke federal jurisdiction—here, the putative intervenor. *See Richard & Sheila J. McKnight 2000 Family Trust v. Barkett*, No. 2:10-cv-01617-RCJ-GWF, 2012 WL 3231000, at *4 (D. Nev. Aug. 3, 2012).

It is well settled that "federal courts may act only in the context of a justiciable case or controversy." *Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972)

---

[2] Brenner would drop only one cause of action that Plaintiffs brought: the Wisconsin Deceptive Trade Practices Act, which the Court dismissed. (Dkt. No. 63 at 13-14.)

(internal quotations & citation removed).  A case that no longer presents a live controversy is moot and must be dismissed for lack of jurisdiction.  *See Pub. Utilities Comm'n v. Fed. Energy Regulatory Comm'n*, 100 F.3d 1451, 1458 (9th Cir. 1996).  If there is a justiciable case or controversy before a federal court, the court must determine if it possesses subject matter jurisdiction over the matter.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

B.    The Court Lacks Jurisdiction to Entertain Brenner's Motion to Intervene

This case was voluntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and the matter terminated before Brenner moved to intervene.  Under Rule 41(a)(1)(A)(ii), a plaintiff may voluntarily dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).  A plaintiff may also dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).  If a plaintiff cannot meet the requirements under Rule 41(a)(1) then an action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

Generally, "it is beyond debate that a dismissal under 41(a)(1) is effective on filing, no court order is required, [and] the parties are left as though no action had been brought[.]" *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999); *see also Martinez v. Evans*, 585 F. App'x 389, 389-90 (9th Cir. 2014) (same); *Duke Energy Trading & Mktg., LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (same).  "[A] Rule 41(a)(1) dismissal, once filed, automatically terminates the action, and thus federal jurisdiction, without judicial involvement[,]" and "the district court has no role to play once a notice of dismissal under Rule 41(a)(1) is filed."  *Commercial Space Mgmt. Co., Inc.*, 193 F.3d at 1076, 1080.  Put another way, with the filing of a Rule 41(a) notice, "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them," *Duke Energy Trading & Mktg., LLC*, 267 F.3d at 1049, aside from orders pertaining to a limited number of "collateral issues" such as contempt charges, costs, attorneys' fees, and sanctions, *see Cooter & Gell. v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990).

Given the jurisdictional effect of a Rule 41(a)(1)(A)(ii) dismissal, federal courts routinely deny motions to intervene in cases that have already been automatically terminated pursuant to Rule 41(a)(1) dismissals. *See, e.g.*, *United States v. Ford*, 650 F.2d 1141, 1143 (9th Cir. 1981); *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547-48 (4th Cir. 1993); *Homesite Ins. Co. of the Midwest v. Robards*, No. 3:13-CV-515-TAV-CCS, 2014 WL 359823 at *3 (E.D. Tenn. Feb. 3, 2014); *In re Irish Bank Resolution Corp. Ltd.*, No. 13-12159 (CSS), 2014 WL 1884916, at *3 n.10 (Bankr. D. Del. May 12, 2014) (collecting cases).[3] Moreover, some courts have found that they lack jurisdiction over a dismissed case even if a motion to intervene was pending at the time of the Rule 41(a)(1) dismissal, or relatedly, that the Rule 41(a)(1) dismissal mooted the already-pending intervention motion. *See In re Irish Bank Resolution Corp. Ltd.*, 2014 WL 1884916, at *2-5 (Bankr. D. Del. May 12, 2014); *Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 620-21 (D. Mass. 1988). Thus, Jou's stipulated dismissal here divested the Court of jurisdiction over this case, and there is no live case or controversy into which Brenner may intervene.

### 1.   *United Airlines v. McDonald*

Brenner's reliance on *United Airlines v. McDonald*, 432 U.S. 385 (1977), is unpersuasive. There the United States Supreme Court held that a district court should have allowed a putative class member to intervene to appeal the district court's order striking the class allegations (effectively an order denying class certification). *Id.* at 388-90, 395-96. The Court explained that the critical question in cases seeking post-judgment intervention for purposes of appeal is whether "the intervenor acted promptly after the entry of final judgment." *Id.* at 396. Because the motion to intervene was filed within the 30 days to appeal, the Court concluded that the intervenor had acted promptly. *Id.* Put simply, *United Airlines* stands for the proposition that a putative class member may intervene for the purposes of appeal within the time period available for an appeal to be taken after final judgment has been entered. *See id.* at 393-96; *see also Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997) (allowing intervention in a class action

---

[3] Courts have reached a similar conclusion in criminal cases, noting that "there is no authority permitting intervention in a closed case" and "[t]o the contrary, courts have held it would be improper to allow intervention in a closed case." *United States v. Heffner*, No. 07-56, 2008 WL 4773002, at *1 (W.D. Pa. Oct. 28, 2008) (citations omitted).

suit "for the limited purpose of appeal from denial of class certification"); *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1160 (N.D. Cal. 2009) (finding intervenor's motion timely because it was filed fewer than 30 days after the court entered judgment); *Yeager v. AT & T Mobility, LLC*, No. CIV S 07-2517 (KJM), 2013 WL 1190138, at *1 (E.D. Cal. Mar. 21, 2013) (finding the motion to intervene "untimely, because movants filed almost six months after the entry of judgment in this case"); *In re Quarterdeck Office Sys., Inc. Sec. Litig.*, No. CV-92-3970-DWW (GHKx), 1994 WL 374452, at *1-2 (C.D. Cal. Mar. 24, 1994) (finding intervenors' motion to intervene timely when it was filed on the same day that the court vacated its previous judgment dismissing the action); *Yniguez v. Mofford*, 130 F.R.D. 410, 414 (D. Ariz. 1990) *aff'd in part, rev'd in part sub nom. Yniguez v. State of Ariz.*, 939 F.2d 727 (9th Cir. 1991) (finding the intervenor's motion timely because it was "filed nine days after the judgment was entered, which was well within the time period for filing a notice of appeal").

*United Airlines* does not apply here. In *United Airlines* there was no Rule 41(a)(1) dismissal; thus, the Court was not confronted with the situation where the trial court was divested of all jurisdiction upon the filing of the stipulated dismissal. *See Commercial Space Mgmt. Co.*, 193 F.3d at 1080. Further, here, unlike in *United Airlines*, there is no adverse order—whether it be a denial of class certification or otherwise—for Brenner to appeal. Finally, unlike the filing of a Rule 41(a)(1) dismissal—which immediately divests the trial courts of all jurisdiction over the matter, *see id.*—trial courts do retain jurisdiction to decide the merits of claims upon the entry of final judgment. *See* Fed. R. Civ. P. 59(e); *cf. Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986) ("The *filing of a notice of appeal* divests the district court of jurisdiction.") (emphasis added) (citations omitted). Thus, *United Airlines* is inapposite on the facts and the law.

    2.  *Federal Rule of Civil Procedure 60(b)*

At oral argument, the Court noted that notwithstanding the Rule 41(a)(1) dismissal, it might have jurisdiction to entertain Brenner's motion to intervene if there are grounds to reopen this case pursuant to Federal Rule of Civil Procedure 60. At Brenner's request, the Court allowed supplemental briefing on the issue. Brenner now contends that the case should be reopened due to "surprise" under Rule 60(b)(1) and also under Rule 60(b)(6), and that once reopened, she should

be permitted to intervene. The Court is, again, unpersuaded.

A non-party, such as Brenner, does not have standing to move to vacate a judgment or order except in "exceptional circumstances." *Citibank Intern. v. Collier-Traino, Inc.*, 809 F.2d 1438, 1441 (9th Cir. 1987); *see also In re Corbett*, No. CV-08-16-72-PHX-DGC, 2009 WL 684810, at *2 (D. Ariz. Mar. 16, 2009) ("By its own terms, Rule 60(b) applies to 'a party' subject to a final judgment. The Ninth Circuit has held that nonparties generally cannot seek relief from a judgment under Rule 60(b) because they are not parties within the meaning of the rule." (citations omitted)). Exceptional circumstances do not exist here because denial of Brenner's motion to intervene will not affect her rights to relief at all; to the contrary, as Brenner concedes, she may file a new putative class action or individual action if her motion is denied. While Brenner contends that she and the courts will be prejudiced by having to "duplicate work already done in any new action" that she will bring (Dkt. No. 72 at 2), such consequences are not by any stretch exceptional: they are merely the normal challenges that any would-be plaintiff faces when she considers bringing suit to vindicate her rights. Brenner's second argument—that she will be prejudiced by being "denied the benefit of the law of the case in which Defendant's motion to dismiss was denied" (*id.*)—fares no better. Brenner argues that Defendants are seeking to "move this action to a different court and take another bite at the apple" and labels this "reverse forum shopping[.]" (*Id.*) But there is no action to move due to the Rule 41(a)(1) dismissal; as discussed above, "the parties are left as though no action had been brought." *Commercial Space Mgmt. Co.*, 193 F.3d at 1078. Requiring Brenner to do what every other plaintiff must do does not constitute exceptional circumstances worthy of allowing a nonparty to reopen a closed case. Thus, Rule 60(b) does not provide a basis for reopening this case.

Brenner's reliance on *Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308 (N.D. Tex. 2004), is misplaced. There an insurer brought a declaratory judgment suit seeking a determination that it had no duty to defend or indemnify the driver of an insured truck under its policy. *Id.* at 310. The intervenors were third-party claimants in an underlying negligence suit against the truck driver and insured owner. *Id.* at 309-10. The intervenors did not learn of the declaratory judgment suit until after default judgment against the insured had been entered; the *Garcia* court found this fact

7

sufficient to constitute "surprise" under Rule 60(b)(1). *Id.* at 312-13. The court also found that the intervenors would be "significantly prejudiced" if they could not intervene and reopen the case because their ability to recover insurance proceeds for their injuries from Garcia's potential insurer "[was] adversely affected." *Id.* at 313. In other words, the prejudice to the intervenors was that the underlying case had legally bound them and affected their claims in other actions. As explained above, the same is not true here. Moreover, in *Garcia*, the defendant-insured also moved to vacate the judgment; thus, the court was not presented with a motion to vacate a judgment brought solely by a non-party.

Brenner's reliance on *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989), is equally misplaced. First, *Diaz* did not involve a motion to intervene brought after a voluntary dismissal or final judgment; there was still a live case or controversy over which the court had jurisdiction at the time the motion to intervene was filed. *Id.* at 1403-04 & n.1 ("The motion to intervene was timely, coming before final judgment[.]"). Second, in *Diaz* the intervenors had potentially suffered actual prejudice: denial of notice of dismissal of class claims required by a since-amended version of Rule 23(e). *Id.* at 1405. Here, there is no such prejudice as Rule 23(e) has been amended to clarify that no notice to the putative class is required. *See* Fed. R. Civ. P. 23(e) (2003)*; Mahan v. Trex Co., Inc.*, No. 5:09-CV-00670 JF PVT, 2010 WL 4916417, at *2 (N.D. Cal. Nov. 22, 2010) ("[S]ubsequent to the amendment of Rule 23 in 2003, . . . [t]he new rule requires approval only if the claims, issues, or defenses of a *certified* class are resolved by a settlement, voluntary dismissal, or compromise.") (emphasis in original) (internal quotation marks & citation omitted).

In short, the April 15, 2015 Rule 41(a)(1)(A)(ii) dismissal divested this Court of jurisdiction over the underlying action into which Brenner seeks to intervene. Unlike *United Airlines*, there is no court order for Brenner to appeal, so there is no jurisdiction on this ground. Nor are there grounds to reopen the underlying action under Rule 60(b) to permit intervention. The Court therefore lacks jurisdiction to entertain Brenner's motion to intervene.

        3.     *Federal Rules of Civil Procedure 23 & 24*

Brenner repeatedly insists that she meets the requirements of intervention as a matter of

right or, alternatively, permissively, and that Federal Rules of Civil Procedure 23 and 24 grant the Court jurisdiction to entertain a putative class member's motion to intervene. But a court need not—and, in fact, cannot—consider whether a proposed intervenor meets the Rule 24 requirements for intervention if it does not have jurisdiction to hear the matter in the first place. *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005) ("'Rule 24 . . . states under what circumstances intervention is proper as a matter of procedure but intervention still must be denied, though all the requirements of Rule 24 are met, if the federal court cannot take jurisdiction with regard to the intervenor.'") (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1917 (2d ed. 2004)). Contrary to Brenner's apparent position, Rule 24 does not, in and of itself, create jurisdiction. *Id.* ("The procedural mechanism of Rule 24 may facilitate the invocation of ancillary jurisdiction; however, Rule 24 does not itself provide the jurisdictional hook.").

      Brenner next argues that intervention is appropriate because it is more efficient than filing a new class action. (*See* Dkt. No. 71 at 5.) Brenner argues that Rule 23(b) compels this result. Not so. Under Rule 23(b)(3), a class action may be maintained if a court finds that "a class action is superior to other available means for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Pro. 23(b)(3). Yet again, this argument ignores the jurisdictional hurdle. Likewise, Brenner's argument that Rule 24 should be construed in favor of intervention on efficiency grounds is a non-starter. (*See* Dkt. No. 67 at 10.) To be sure, the Ninth Circuit normally construes Rule 24 broadly in favor of proposed interveners because "intervention serves both efficient resolution of issues and broadened access to the courts[.]" *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (quotation marks & citation omitted). But skipping the question of jurisdiction and allowing a trial court to make an intervention determination solely under efficiency grounds pursuant to Rule 23 or 24 swallows the Rules. In other words, such reasoning means that in every case in which the named plaintiff settles individually and dismisses the class action, the trial court must allow the case to continue when any putative class member comes forward. After all, efficiency arguments apply in just about every motion for intervention. Such cannot be the rule. Thus, to find jurisdiction to entertain the motion under Rules 23 and 24 on efficiency grounds would subvert the Rules.

At bottom, all of Brenner's arguments to intervene under Rules 23 and 24 are unavailing because the Court does not have jurisdiction to entertain Brenner's Rule 24 motion in the first place.

## CONCLUSION

For the reasons stated above, the Court lacks jurisdiction to entertain Brenner's motion to intervene. Accordingly, Brenner's motion is DENIED.

This Order terminates Docket No. 63.

**IT IS SO ORDERED.**

Dated: July 27, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge